Steven T. Wax, OSB #85012
Federal Public Defender
Patrick J. Ehlers, OSB #04118
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon  97204
Tel:   503-326-2123
Fax:   503-326-5524
patrick_ehlers@fd.org
Attorneys for Petitioner

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADEL HASSAN HAMAD,<br><br>                         Petitioner,<br><br>v.<br><br><br>GEORGE W. BUSH, DONALD RUMSFELD, JAY HOOD, and BRICE GYURISKO,<br><br>                         Respondents. | CV 05-1009 JDB<br><br>REPLY TO RESPONDENTS' OPPOSITION TO EMERGENCY MOTION TO COMPEL EXPEDITED PROCESSING OF SECURITY CLEARANCES TO FACILITATE COUNSEL ACCESS |

Petitioner Adel Hassan Hamad, through his attorneys of record, Federal Public

Defender Steven T. Wax and Assistant Federal Public Defender Patrick Ehlers, hereby

Page 1 REPLY TO RESPONDENTS' OPPOSITION TO EMERGENCY MOTION TO COMPEL
        EXPEDITED PROCESSING OF SECURITY CLEARANCES TO FACILITATE COUNSEL
        ACCESS

replies to Respondent's Opposition To Emergency Motion To Compel Expedited Processing Of Security Clearances To Facilitate Counsel Access (hereinafter "Respondent's Opposition").

### Having Appointed Counsel, The Court Should Ensure That All Reasonable Means Are Employed To Facilitate Petitioner Hamad's Access To His Counsel Of Record.

Responding to motions filed on behalf of Petitioners Hamad, Chaman, and Shaaban, Respondents contend that there is no legal basis for the Court "to order the government to issue security clearances to petitioners' counsel in an expedited manner or within a designated period of time." Respondent's Opposition, at 2. Respondents contend that the Protective Orders entered one year ago struck an "appropriate balance." *Id*. at 8-9. Respondents further contend that expediting the security clearance process will place an undue burden on the government, and presents a risk of improper disclosure of classified information. *Id*. at 11.

Respondents' objections are not well-taken. First, and foremost, counsel for Petitioner Hamad are not requesting access to classified information pertaining to the grounds for his detention at this time. Rather, what is being requested is that the Court ensure that all reasonable steps be taken to enable counsel to have person-to-person contact with Petitioner Hamad as soon as possible. Such reasonable steps should take the form of an order directing that the security clearance process be expedited, or that interim and temporary security clearances be issued so that counsel may arrange to meet with Petitioner Hamad at the Guantánamo detention facility as soon as transportation

arrangements can be made.

Mr. Hamad does not take issue with the Respondents' assertion that the granting of a security clearance is a matter "committed by law to the appropriate agency of the Executive Branch" (*Department of the Navy v. Egan*, 484 U.S. 518, 527 (1988)). Respondents' Opposition at 7. Whether such procedures are being improperly used to delay or impede litigation activity, however, remains a matter for judicial determination. As was declared in *United States v. Bin Laden*, 58 F.Supp.2d 113, 120 (S.D.N.Y. 1999), a case cited by Respondents (Respondent's Opposition, at 9-10) that: "The Court will of course remain the ultimate arbiter of disputes surrounding the security clearance applications and will be available to insure both proper respect for counsels' confidentiality and that no applications are denied for improper reasons."

Counsel recognizes, as Respondent notes, that other petitioners for whom counsel have recently been appointed are also in the process of seeking security clearances. It is precisely because a full year has passed since the Court, government, and the few counsel who were in the cases at the time set up the procedures that are reflected in the Protective Orders of November and December, 2004, that it is appropriate for the Court to revisit the issue.

Counsel for Mr. Hamad have been advised by Respondents that they were utilizing interim security clearance procedures for Guantánamo counsel. In September, 2005, counsel for Mr. Hamad were advised that the interim process could be concluded in as little as two weeks. Respondents now advise that, while they continue to use an interim

security process, the staffing available to handle the security applications is such that even an interim process will take eight to ten weeks.

A full year down the road with a significantly changed landscape that includes far more *pro se* petitions and far more counsel requires the Court and Respondents to re-examine the procedures.

## CONCLUSION

We respectfully urge the district court, through Magistrate Judge Kay,[1] to inquire into Respondent's allocation of resources and procedures for dealing with the security classification issues. Given the length of time that has passed, both since the procedures were established and since Mr. Hamad prepared his *pro se* petition, an additional eight to ten weeks is simply too long.

Each day that passes is another day that Mr. Hamad has not had an opportunity to meet and confer with his counsel and receive the benefits of the Court's order of assignment of October 5, 2005. Intervention by the Court is appropriate.

Respectfully submitted this 9th day of December, 2005.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

/s/ Patrick Ehlers

---

[1]Perhaps in recognition of the fact that the increase in the number of counsel would raise additional issues, the Article III judges of the district court designated a magistrate judge to deal with access issues.

**Page 4 REPLY TO RESPONDENTS' OPPOSITION TO EMERGENCY MOTION TO COMPEL EXPEDITED PROCESSING OF SECURITY CLEARANCES TO FACILITATE COUNSEL ACCESS**

Patrick Ehlers
Assistant Federal Defender