IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ADEL HASSAN HAMAD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-CV-1009 (JDB) |
| | ) | |
| GEORGE W. BUSH, | ) | |
| President of the United States, | ) | |
| et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RESPONDENTS' OPPOSITION TO PETITIONER'S MOTION TO DISCLOSE
NON-CLASSIFIED OR DECLASSIFIED RECORD OF COMBATANT
STATUS REVIEW TRIBUNAL PROCEEDINGS OR, IN THE
ALTERNATIVE, TO DIRECT THE FILING OF A RETURN**

Respondents hereby oppose petitioner's motion to disclose non-classified or declassified record of Combatant Status Review Tribunal ("CSRT") proceedings and Administrative Review Board ("ARB") proceedings, or, in the alternative, to direct the filing of a return (dkt. no. 14) ("petitioner's motion").[1]  Petitioner's motion raises issues previously litigated and determined in other similar cases involving detainees held at the United States Naval Base at Guantanamo Bay, Cuba ("Guantanamo").  Petitioner's motion should be denied for the same reasons discussed in many of those other cases.  In particular, petitioner's request for a factual return should be denied because the government should not undertake the burden of producing factual returns while the case is stayed pending guidance from the D.C. Circuit on the viability of these habeas petitions.

---

[1] A factual return for a petitioner in a Guantanamo detainee case typically has consisted of the record of proceedings before the CSRT that confirmed petitioner's status as an enemy combatant properly subject to detention.  The factual return is separate from briefing on legal issues in the cases.  Factual returns include both classified and unclassified material.

See Order, (dkt. no. 4).  Petitioner's request for access to ARB records should also be denied because the case is stayed, the request amounts to an improper effort to take discovery, and the ARB determination is an exercise of discretion by the Military that is not justiciable.

Given that the Court has stayed this case pending the outcomes of the appeals before the D.C. Circuit, respondents should not be required, in the interim, to produce a factual return in this case.  Petitioner's cavalier and dismissive treatment of the needless expenditure of judicial and litigation resources that would result from an order requiring the submission of a factual return underestimates the burden on the government in producing a factual return and ignores the cascade effect that would follow from such an order.[2]  Contrary to petitioner's suggestions, the production of a factual return in these cases requires substantial effort.  Each factual return must be obtained from the Department of Defense ("DoD") and then reviewed by agencies who provided source information to DoD to ensure that information disclosed to counsel in the return is in accordance with all applicable statutes, regulations, and Executive Orders.  Respondents must then prepare both a public and a classified version of the factual return for submission to the Court and counsel.

Additionally, this burden could increase exponentially because a decision to require submission of a factual return pending the resolution of the appeals in Khalid and In re Guantanamo Detainee Cases could precipitate a chain reaction — the scores of petitioners in other pending and future Guantanamo Bay detainee habeas cases, seeking parity of treatment,

---

[2] Respondents acknowledge that this Court has ordered the production of factual returns in other Guantanamo detainee habeas cases.  See, e.g., Al Anazi v. Bush, 370 F. Supp. 2d 188, 200 (D.D.C. 2005).  Respondents, nevertheless, respectfully continue to oppose such relief in this case.

would likely request the Court to allow access to factual returns in those cases, perhaps even by lifting or modifying stays that have already been entered.[3]  This scenario is exactly what Judge Green aimed to avoid when she denied petitioners' motion to reconsider her order granting a stay pending appeal "in light of the substantial resources that would be expended and the significant burdens that would be incurred should this litigation go forward."  See Order Denying Motion for Reconsideration of Order Granting Stay Pending Appeal in In re Guantanamo Detainee Cases (Feb. 7, 2005).  Further, submission of a factual return will increase the risks of inadvertent or other disclosure or compromise of classified information.  Given that the D.C. Circuit will soon determine the proper scope of these proceedings, including whether the claims of petitioner can be dismissed without reference to a specific factual return, the substantial burdens on government resources, and increased risk occasioned by a requirement to provide petitioner's counsel access to a factual return, the Court should not require the production of a factual return at this time,  especially when those burdens and risks may ultimately prove unnecessary.

   Though the submission of a factual return should not proceed at all at this time, a schedule for any such undertaking should be no more restrictive than is necessary.  At a minimum, respondents should be given the 120-day schedule that this Court has approved for other Guantanamo detainee cases.  See, e.g., Al Anazi v. Bush, 370 F. Supp. 2d 188, 200 (D.D.C. 2005) (imposing 120-day schedule to provide factual returns); Al-Shabany v. Bush, No. 05-CV-2029 (JDB), Order (dkt. no. 11) (Nov. 17, 2005) (same); Tohirjanovich v. Bush, No. 05-CV-994 (JDB), Memorandum Opinion & Order (dkt. no. 15) (Dec. 9, 2005) (same).

---

   [3] Presently, there are more than 175 habeas cases pending on behalf of well over 255 detainees at Guantanamo Bay; the majority of those cases and petitioners were not subject to the decisions of Judge Leon in Khalid and Judge Green in In re Guantanamo Detainee Cases.

In any event, however, even if the Court determines that counsel access to a factual return is appropriate, petitioner's request for access to the records of any ARB proceedings pertaining to petitioner should be denied. A similar request has been denied in another Guantanamo detainee case. See Memorandum Order, Al-Oshan v. Bush, No. 05-CV-520 (RMU) (dkt. no. 50) (denying without prejudice the petitioners' motion to compel). The ARB proceedings are separate and distinct from CSRT proceedings, and the purpose of the ARB proceedings is distinct from the issues involved in petitioner's habeas claim. The habeas petition concerns whether petitioner is properly subject to continued detention by the United States, that is, whether petitioner has been legitimately determined to be an enemy combatant and, thus, may be detained for the duration of hostilities. The ARB proceedings, on the other hand, are designed to assess, on an annual basis, not whether a detainee may be detained as an enemy combatant, but whether it is in the interests of the United States to transfer or continue to detain an individual already determined by CSRTs to be enemy combatants. This decision is based on a weighing and balancing of factors, such as the threat a detainee is believed to pose to the United States or its allies in the ongoing armed conflicts against al Qaeda and its supporters, and the detainee's continuing intelligence value. See Memorandum Implementing Administrative Review of the Detention of Enemy Combatants (Sept. 14, 2004) (available at <<http://www.defenselink.mil/news/Sep2004/d20040914adminreview.pdf>>). As a result, the ARB issues and the habeas issues are not the same; indeed, the ARB determination involves a complex weighing of factors and exercise of discretion by the Military that is not justiciable. See, e.g., Dist. No. 1, Pacific Coast Dist., Marine Engs. Beneficial Ass'n v. Maritime Admin., 215 F.3d 37, 42 (D.C. Cir. 2000) (finding that Executive's "judgments on questions of foreign

policy and national interest . . . are not subjects fit for judicial involvement"). Thus, respondents have no obligation to produce the ARB records requested by petitioner in the factual return or otherwise.

Indeed, the D.C. Circuit has specifically held that the Executive Branch's determination regarding the existence of a national security risk is not justiciable. See People's Mojahedin Org. of Iran v. United States Dep't of State, 182 F.3d 17, 23 (D.C. Cir. 1999) (determination by the Secretary of State that "'the terrorist activity of the organization threatens the security of United States nationals or the national security of the United States'" was "nonjusticiable."). In this way, the balancing of national security risk and needs involved in a determination concerning the appropriateness of the continued detention of an enemy combatant is a matter entirely inappropriate for judicial review. See Industria Panificadora, S.A. v. United States, 763 F. Supp. 1154, 1160 (D.D.C. 1991) ("[D]ecisions which affect our national security involve policy decisions beyond the scope of judicial expertise. 'To attempt to decide such a matter without the necessary expertise and in the absence of judicially manageable standards would be to entangle the court in matters constitutionally given to the executive branch.'") (citation omitted), aff'd on other grounds, 957 F.2d 886 (D.C. Cir. 1992). See also Almurbati v. Bush, No. 04-CV-1227 (RBW), 366 F. Supp. 2d 72, 75 (D.D.C. 2005) ("[I]n deference to the Executive Branch, courts are reluctant to intrude upon the discretionary authority of the Executive in military and national security matters.") (citing Hamdi v. Rumsfeld, 542 U.S. 507, 124 S. Ct. 2633, 2647 (2004); Dep't of Navy v. Egan, 484 U.S. 518, 530 (1988)).

Further, petitioner's request for access to ARB findings essentially amounts to an improper attempt to take discovery. A petitioner in a habeas case, however, is not entitled to

discovery as a matter of right, but rather must first demonstrate good cause to conduct discovery and obtain court permission. See, e.g., Rich v. Calderon, 187 F.3d 1064, 1068 (9th Cir. 1999) (explaining that "[a] habeas petitioner does not enjoy the presumptive entitlement to discovery of a traditional civil litigant," and that "discovery is available only in the discretion of the court and for good cause shown."); Al Odah v. United States, 329 F. Supp. 2d 106, 107-08 (D.D.C. 2004) (finding that Guantanamo detainee habeas petitioners must first seek leave of court before conducting discovery and denying leave to conduct discovery); cf. Rule 6(a) of the Rules Governing Section 2254 Cases (requiring leave of court to take discovery in habeas cases). Petitioner has not requested leave of court to take discovery, and the Court should not permit him to evade this requirement simply by filing a motion to compel production of the requested information. Moreover, discovery is particularly inappropriate when the case is stayed pending related appeals, and, in any event, it should be particularly disfavored in a case like this, where petitioner challenges an action of the military taken in the prosecution of a war. See Hamdi v. Rumsfeld, 124 S. Ct. 2633, 2652 (2004) (plurality opinion) (adjuring lower courts generally to "proceed with the caution that . . . is necessary" and to take only "prudent and incremental" steps when faced with novel issues pertaining to petitions for writs of habeas corpus from detainees involved in the current war on terror). Additionally, the Court should not indulge petitioner's request not only because it lacks sufficient legal or factual bases, but because granting it will no doubt result in other petitioners in the numerous other stayed Guantanamo detainee cases making similar requests to obtain the same types of documents and other discovery material in their cases, creating a cascade effect that would eviscerate many aspects of the stay of the Guantanamo cases.

Accordingly, even if the Court requires respondents to produce a factual return, the Court should not grant counsel access to the records of any ARB proceedings for petitioner.

## CONCLUSION

For the reasons stated above, respondents respectfully request that petitioner's motion be denied.

Dated: December 14, 2005

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

DOUGLAS N. LETTER
Terrorism Litigation Counsel

　 /s/ Nicholas J. Patterson
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
ANDREW I. WARDEN
NICHOLAS J. PATTERSON
MARC A. PEREZ
EDWARD H. WHITE
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4523
Fax:  (202) 616-8470

Attorneys for Respondents