Steven T. Wax, OSB #85012
Federal Public Defender
Patrick J. Ehlers, OSB #04118
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon  97204
Tel:   503-326-2123
Fax:   503-326-5524
steve_wax@fd.org
patrick_ehlers@fd.org
Attorneys for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ADEL HASSAN HAMAD,**<br><br>                              **Petitioner,**<br><br>v.<br><br>**GEORGE W. BUSH, DONALD RUMSFELD, JAY HOOD, and BRICE GYURISKO,**<br><br>                              **Respondents.** | CV 05-1009 JDB<br><br>REPLY TO RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION TO DISCLOSE NON-CLASSIFIED OR DECLASSIFIED RECORD OF COMBATANT STATUS REVIEW TRIBUNAL PROCEEDINGS OR, IN THE ALTERNATIVE, TO DIRECT THE FILING OF A RETURN<br><br>**(ORAL ARGUMENT REQUESTED)** |

Respondents' opposition to Mr. Hamad's motion for disclosure or a return warrants a brief reply.

On pages 1 and 2 of their opposition, Respondents assert that it would impose a burden on them to produce the material Mr. Hamad seeks from the Combatant Status Review Tribunal (CSRT) and Administrative Review Board (ARB) proceedings.  We respectfully submit that if Respondents are conducting those proceedings in the normal

Page 1  **REPLY TO RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION TO DISCLOSE NON-CLASSIFIED OR DECLASSIFIED RECORD OF COMBATANT STATUS REVIEW TRIBUNAL PROCEEDINGS OR, IN THE ALTERNATIVE, TO DIRECT THE FILING OF A RETURN**

course, written records of the proceedings exist. We respectfully note that Respondents have made available to many petitioners the material that Mr. Hamad seeks. The burden of reviewing the proceedings for classified information should be minimal.

Regardless of the degree of burden on Respondents, it should be weighed against the reality that: 1) the government has held Mr. Hamad for as long as four years; 2) presumably conducted both CSRT and ARB proceedings many months ago; and 3) advised the Court, at least as early as June 2005, that they should not be required to file a return at that time pending the appearance of counsel, an event of whose imminence Respondents were aware. In addition, whatever burden would be created for Respondents should also be weighed against the public records of the dire conditions and medical problems of other Guantánamo detainees, conditions and medical issues that are likely to exist with respect to Mr. Hamad.

On page 3, Respondents assert that, with respect to scheduling, they should be given 120 days to gather records, if any order is entered. We respectfully submit that the same factors that warrant directing the government to respond warrant a response in a far shorter time. The scope of information that Mr. Hamad is seeking at this time is limited, should already exist in written form, and should be made ready for disclosure in a short time. In addition, the government's pleading fails to address the arguments Mr. Hamad makes regarding the need for provision of some information to his counsel in order for the Court's order of assignment to have any meaning and for counsel to fulfill their ethical obligations.

On page 4, Respondents argue that they should not be required to provide any ARB proceedings, arguing in part that such proceedings involve national security matters that are not justiciable. Respondents' citation to that body of case law is irrelevant to the request made by Mr. Hamad. He is not seeking judicial review of the ARB decision through the motion currently pending before the Court. He is, rather, seeking information that is essential for his counsel to start meaningful representation.

The Memorandum Implementing Administrative Review Of The Detention Of Enemy Combatants (Sep. 14, 2004) (available at http://www.defenselink.mil/news/sep2004/d20040914adminireview.pdf) reveals that the ARB proceedings contain information that should be disclosed in a return or otherwise. For example, paragraph 1.C of the Memorandum states that the ARB process

> provides an enemy combatant the opportunity to review unclassified information relating to his continued detention, and to appear personally to present information relevant to his continued detention, transfer or release.

That information is precisely what counsel needs in order to press his client's claims. Because it has already been disclosed to Mr. Hamad (assuming that he has been through an ARB proceeding), there is no basis for withholding it from his counsel. While a portion of the decision made by an ARB involves the type of national security assessment described by Respondent, the implementing memorandum requires review

> . . . of all relevant and reasonably available information to determine whether the enemy combatant represents a continuing threat to the U.S. or its allies in the armed conflict against al Quaeda and its affiliates and supporters (e.g., Taliban), and whether there are other factors that could form the basis for continued detention (e.g., the enemy combatants intelligence value and any law enforcement interest in the detainee).

Page 3    **REPLY TO RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION TO DISCLOSE NON-CLASSIFIED OR DECLASSIFIED RECORD OF COMBATANT STATUS REVIEW TRIBUNAL PROCEEDINGS OR, IN THE ALTERNATIVE, TO DIRECT THE FILING OF A RETURN**

The Implementing Memorandum, therefore, states that the information to be presented at an ARB includes any additional information that might have come to light regarding the detainee's activities prior to his detention, and any information regarding his activities and attitudes while in detention. If for example, an ARB heard information that was contrary to that initially presented to a CSRT regarding a detainee's pre-detention activities, that would be relevant to habeas counsel.

Section 3 of the Implementing Memorandum provides for the keeping of records of the activities of the ARB and preparation of written recommendations. It is, therefore, most likely that Respondents already have the basic record intact that would need to be reviewed for classification issues prior to release. Again, Mr. Hamad notes that the information that he is seeking is limited. He is not, at this time, seeking disclosure of any national security assessments of risk.

Finally, Respondents cite Rule 6A of the Rules Governing §2254 Cases which requires leave of Court for a habeas corpus petitioner to undertake discovery. To the extent that the Court views Mr. Hamad's motion as based in discovery rather than as a request for a return or a motion necessary to implement the assignment order consistent with the stay and protective orders previously entered in the case, Mr. Hamad urges the Court to find that good cause exists for the limited information that he seeks. As previously argued in this pleading and as set out in more detail in his original motion, all that Mr. Hamad seeks at this time is information that will enable his counsel to initiate the representation process. If the Court's order of assignment is to have meaning, counsel must be given the basic tools that are in the government's possession so that they can do

their job.  As argued in his initial memorandum, this Court has previously recognized the difficulty counsel are encountering even establishing a basic level of communication with their detained clients.  *Al-Arazi v. Bush*, 370 F.Supp. 188, 200 (D.D.C. 2005).

## CONCLUSION

For all the reasons set forth herein and in his initial motion, Mr. Hamad urges the Court to direct the government to file a return and/or provide him with the non-classified or declassified portions of the CSRT and ARB proceedings within fifteen days.  Mr. Hamad seeks oral argument on this motion and respectfully requests that it be set by telephone given counsel's location.

Respectfully submitted December 20, 2005.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

/s/ Patrick J. Ehlers
Patrick J. Ehlers
Assistant Federal Public Defender