UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ABDEL HASSAN HAMAD,

    Petitioner,

        v.

GEORGE W. BUSH, et al.,

    Respondents.

Civil Action No. 05-1009 (JDB)

**MEMORANDUM OPINION & ORDER**

Petitioner Abdel Hassan Hamad ("petitioner") filed this petition for writ of habeas corpus challenging his detention at the United States Naval Station at Guantanamo Bay, Cuba ("Guantanamo"). Presently before the Court are three motions filed by petitioner's counsel: (1) a motion to expedite security clearances; (2) a motion to compel disclosure of the non-classified record from his Combatant Status Review Tribunal ("CSRT") proceeding or, in the alternative, to compel the provision of a factual return for petitioner; and (3) a motion for a preliminary injunction or an order pursuant to Fed. R. App. P. 23 enjoining respondent from relocating petitioner or, alternatively, for an order requiring thirty-days advance notice of any such relocation. For the reasons discussed below, the Court will grant the second motion only to the extent that it seeks a factual return. In all other respects, that motion is denied, as are the remaining two motions.

**BACKGROUND**

This case is one of more than one hundred seventy-five habeas petitions filed on behalf of

aliens detained at Guantanamo by the Department of Defense ("DoD"). The general facts concerning Guantanamo and its relationship to the current armed conflicts in Iraq and Afghanistan will not be reviewed here. The petitioner in this case is a foreign citizen who has been held at Guantanamo for more than three years, although he is not yet charged with any crime. See Amended Writ Pet. at 4. On May 18, 2005, petitioner submitted a petition for writ of habeas corpus through counsel, which was followed by an Amended Petition filed on December 12, 2005. Petitioner argues that he is not and has never been a member of Al Qaeda or the Taliban, and challenges his possible designation as an "enemy combatant," as well as his detention and the conditions at Guantanamo. See id. at 6; see also id. at 9-11. Specifically, petitioner argues that his detention violates the United States Constitution, as well as numerous federal and international laws and customs. See id. at 8, 12-21. Petitioner's counsel also fears that petitioner will be a victim of "extraordinary rendition," see id. at 11, although counsel admits that petitioner's nationality is unknown, see Pet'r Mem. Supp. Emergency Mot. at 9, and, accordingly, there is no evidence that if petitioner is returned to his home country, he will be mistreated.

On November 18, 2005, petitioner's counsel filed an Emergency Motion to Compel Expedited Processing of Security Clearances in an effort to facilitate contact with petitioner. See Pet'r Mem. Supp. Emergency Mot. Less than two weeks later, counsel filed a Motion for Disclosure of Non-Classified or Declassified Record of CSRT Proceedings, which alternatively asks the Court to direct respondents to file a factual return for petitioner. See Pet'r Mem. Supp. Mot. Discl. The motion also argues that the Court may direct civil discovery under Harris v. Nelson, 394 U.S. 296, 299-300 (1962), as a third alternative. See id. at 12 n.4. Most recently, on

December 14, 2005, petitioner filed a Motion for Order Requiring Compliance With Rule 23 and Preliminary Injunction for 30-Day Notice of Intent to Transfer. See Mem. Supp. Mot. Prelim. Inj. That motion seeks a preliminary injunction enjoining the transfer of petitioner from Guantanamo or, alternatively, requests an order requiring respondents to provide thirty-days notice before such a transfer. See id. at 13-19. The motion also argues that under Fed. R. App. P. 23, it is unequivocally illegal for respondents to transfer petitioner. See id. at 11-13. Counsel submits that petitioner is in imminent danger of being transferred from Guantanamo to another country where he will be tortured, interrogated and/or detained indefinitely without due process of law. See id. at 3-9.

## ANALYSIS

Earlier this month, the Court entered in this case the protective and supplementary orders originally entered by Judge Green in In re Guantanamo Detainee Cases, Civil Action No. 02-0299 (D.D.C. 2004). See Hamad v. Bush, Civil Action No. 05-1009 (D.D.C. Dec. 12, 2005) (order) (dkt. no. 17). Counsel's emergency motion to expedite security clearances is, essentially, a motion seeking to facilitate access to petitioner. Hence, counsel asks the Court to interpret at least one of the protective and supplementary orders -- specifically, the Court is called upon to construe the November 8, 2004 Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba. However, the undersigned judge cannot entertain that request at this juncture. On November 2, 2005, Judge Kessler, as Chair of the Calendar Committee of this Court, entered an order referring all motions implicating the interpretation or construction of any protective or supplementary order to Magistrate Judge Kay. See Hamad v. Bush, Civil Action No. 05-1009 (D.D.C. Nov. 2, 2005) (minute order) (dkt. no. 8).

Hence, only Magistrate Judge Kay may consider that motion.

This case has been stayed pending the resolution of related appeals in the D.C. Circuit. See Hamad v. Bush, Civil Action No. 05-1009 (D.D.C. Jun. 27, 2005) (order) (dkt. no. 4). Because of the stay, counsel's request for CSRT information is not ripe at this juncture. See Al-Shabany v. Bush, Civil Action No. 05-2029 at 4 (D.D.C. Nov. 17, 2005) (memorandum opinion). Accordingly, the Court will deny the November 30, 2005 motion insofar as it seeks disclosure of the CSRT record. The Court will, however, require respondent to provide a factual return for petitioner within 120 days of this date, notwithstanding the stay. As the Court has found on several previous occasions in related cases, the factual return may be necessary to enable counsel to effectively represent petitioner. See Tohirjanovich v. Bush, Civil Action No. 05-0994 at 2 (D.D.C. Dec. 9, 2005) (memorandum opinion & order); Al-Shabany v. Bush, Civil Action No. 05-2029 at 5 (D.D.C. Nov. 17, 2005) (memorandum opinion); Al-Anazi v. Bush, 370 F. Supp. 2d 188, 200 (D.D.C. 2005). Because the Court grants counsel's request for a factual return, it does not reach the alternative argument requesting civil discovery under Harris.

Regarding counsel's motion for a preliminary injunction, the Court finds that it is, in all relevant respects, identical to similar motions that have been denied by this Court in related cases. See, e.g., Tohirjanovich v. Bush, Civil Action No. 05-0994 (D.D.C. Dec. 9, 2005) (memorandum opinion & order); Al-Shabany v. Bush, Civil Action No. 05-2029 at 3 (D.D.C. Nov. 17, 2005) (memorandum opinion); Hamlily v. Bush, Civil Action No. 05-0763 (D.D.C. October 3, 2005) (order); O.K. v. Bush, 377 F. Supp. 2d 102 (D.D.C. 2005); Al-Anazi v. Bush, 370 F. Supp. 2d 188 (D.D.C. 2005). For the reasons previously stated in those cases, the Court will deny counsel's request for a preliminary injunction. Moreover, for the reasons detailed in Tohirjanovich v. Bush,

Civil Action No. 05-0994 at 2-5 (Dec. 22, 2005) (memorandum opinion & order), the Court is not persuaded by counsel's argument under Fed. R. App. P. 23.

Upon consideration of the motions filed by petitioner's counsel, the memoranda of the parties, the entire record herein, and for the foregoing reasons, it is this 28th day of December, 2005, hereby

**ORDERED** that petitioner's November 18, 2005 motion to expedite security clearances is **DENIED**; it is further

**ORDERED** that petitioner's November 30, 2005 motion seeking disclosure of certain information is **GRANTED** in part and **DENIED** in part; it is further

**ORDERED** that respondent shall produce a factual return for petitioner and provide that factual return to petitioner's counsel and to the Court by not later than May 1, 2006; and it is further

**ORDERED** that petitioner's December 14, 2005 motion for preliminary injunction, or for an order requiring thirty-days notice before any transfer of petitioner, or for an order requiring compliance with Fed. R. App. P. 23, is **DENIED**.

                                   /s/    John D. Bates
                                   JOHN D. BATES
                              United States District Judge

Dated:   December 28, 2005

Copies to:

Patrick J. Ehlers
FEDERAL PUBLIC DEFENDER-DISTRICT OF OREGON
101 SW Main Street
Suite 1700
Portland, OR 97239
US
(503) 279-4291
Fax: (503) 326-5524
Email: Patrick_Ehlers@fd.org

Steven T. Wax
OFFICE OF THE FEDERAL PUBLIC DEFENDER
101 SW Main Street
Suite 1700
Portland, OR 97204
US
(503) 326-2123
Fax: (503) 326-5524
Email: steve_wax@fd.org

*Counsel for petitioner*

Terry Marcus Henry
U.S. DEPARTMENT OF JUSTICE
CIVIL DIVISION
P.O. Box 883
20 Massachusetts Avenue, NW
Suite 7144
Washington, DC 20044
(202) 514-4107
Fax: (202) 616-8470
Email: terry.henry@usdoj.gov

*Counsel for respondent*