IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADEL HASSAN HAMAD, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 05-CV-1009 (JDB) |
| GEORGE W. BUSH,<br>President of the United States,<br>*et al.*, | ) |
| Respondents. | ) |

**RESPONDENTS' MEMORANDUM IN OPPOSITION TO (1) PETITIONERS'
EMERGENCY MOTION FOR RECONSIDERATION OF TIMING ON ORDER FOR
PRODUCTION OF FACTUAL RETURN AND FOR IMMEDIATE PRODUCTION OF
CSRT AND ARB MATERIAL, AND (2) PETITIONERS' EMERGENCY MOTION TO
RENDER ACCESS TO CLIENT MEANINGFUL BY COMPELLING RESPONDENTS
TO DISCLOSE THE SAME INFORMATION TO LEGAL COUNSEL THAT
RESPONDENT HAS ACQUIESCED IN DISCLOSING TO THE PRESS AND PUBLIC**

Respondents hereby oppose petitioner's motions for "emergency" reconsideration of the timing of respondents' production of a factual return in this case (dkt. no. 30) ("Pet's Recon. Mot."), and to compel disclosure to petitioner in this litigation certain information at issue in a separate Freedom of Information Act ("FOIA") lawsuit in the Southern District of New York (dkt. no. 31) (Pet's Compel Mot.). Although petitioner filed two separate motions which he believes warrant "expedited consideration," in fact, both of these motions request the same relief — reconsideration of the Court's December 28, 2005 Memorandum Opinion and Order, which granted petitioner's previous request for access to a factual return and requires respondents to submit a factual return in this case by May 1, 2006 (dkt. no. 25). Given that there exist no new

circumstances that would require the Court to revisit this earlier ruling, petitioner's motions should be denied.[1]

First, petitioner argues that because respondents have permitted petitioner's counsel to schedule a visit to Guantanamo Bay for March 4 and 5, 2006, respondents should be compelled to prepare a factual return containing both classified and unclassified information pertaining to petitioner within four business days from today so that counsel may review the return prior to their departure for Guantanamo Bay.  See Pet's Recon. Mot. at 3; Pet's Compel Mot. at 2.  This is plainly unreasonable.  The Court already considered petitioner's request for a factual return in this case and, on December 28, 2005, ordered respondents to produce a factual return pertaining to petitioner by May 1, 2006.  Counsel cannot now complain that a visit with petitioner, which they chose to schedule for early March, constitutes "emergency" circumstances that require the Court to change its earlier ruling on the deadline for a production of a factual return, of which

---

[1] On December 30, 2005, the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act"), became law.  The Act, among other things, amends 28 U.S.C. § 2241 to remove court jurisdiction to hear or consider applications for writs of habeas corpus and other actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba, and creates an exclusive review mechanism in the D.C. Circuit, applicable to pending cases, to address the validity of the detention of such aliens held as enemy combatants.  Id. § 1005(e)(1), (h)(2).  The effect of the Act will be addressed in supplemental briefing in the Guantanamo detainee appeals pending before the D.C. Circuit where oral argument on the issue is scheduled for March 22, 2006.  Our understanding is that it is the sense of the Court that it wishes to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before proceeding further in the Guantanamo detainee habeas cases.  In light of this, and given the new, statutory withdrawal of the Court's jurisdiction, petitioner's request for relief should be denied. Indeed, because the Act vests "exclusive" jurisdiction in the D.C. Circuit "to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," id. § 1005(e)(1), it would be inappropriate for the Court to require relief in the interim that might infringe upon the Court of Appeals' exclusive jurisdiction. See Telecommunications Research and Action Center v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals).

counsel were well aware and upon which respondents have relied in ordering the significant administrative tasks and burdens associated with producing a factual return.[2] Indeed, the logistics of making a factual return and the logistics of arranging counsel visits involve two separate and unrelated undertakings, and the ability to arrange for a visit does not mean that factual returns pertaining to detainees involved in any particular visit can necessarily be completed prior to the visit. In fact, prior deadlines set by Your Honor for the submission of factual returns were not imposed based explicitly on a desired or scheduled visit by detainee's counsel. Furthermore, the possibility of return visits to Guantanamo by petitioners' counsel would counter the "need" for a factual return prior to any particular visit.[3]

---

[2] Production and submission of factual returns in the Guantanamo detainee habeas litigation is not an inconsequential task. Each factual return must be obtained from the Department of Defense ("DoD"), and then reviewed by agencies who provided source information to DoD to ensure that information disclosed to counsel in the returns is in accordance with all applicable statutes, regulations and Executive Orders. Respondents must then prepare both public and classified versions of the factual returns for submission to the Court and counsel. Because each return can range from dozens to hundreds of pages, depending upon the circumstances, this review and redaction process is a significant and time-consuming undertaking, particularly given that respondents presently are preparing factual returns for submission in a number of other cases.

[3] In any event, the Court should not accept petitioner's argument that a factual return is required to assist counsel in preparing for a visit with petitioner. See Pet's Compel Mot. at 2. Given that the Court has indicated that its sense is to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before proceeding further in the Guantanamo detainee cases, counsel cannot use a factual return to advance the litigation in this case. As noted above, such matters should be, and are, within the exclusive jurisdiction of the Court of Appeals. See supra at 2, note 1; Telecommunications Research and Action Center, 750 F.2d at 75, 78-79. And even if counsel had access to a factual return, they would not be able to share classified information in the return with petitioner. See Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al., 355 F. Supp. 2d 443 (D.D.C. Nov. 8, 2004), ¶ 30.

Second, certain developments in FOIA litigation filed by the Associated Press in the Southern District of New York ("AP FOIA litigation") have no bearing on whether the Court should revisit its decision requiring respondents to submit a factual return in this case by May 1, 2006. See Pet's Recon. Mot. at 2-3; Pet's Compel Mot. at 2-3. The AP FOIA litigation, which is not connected to the present habeas litigation, involves the production of testimony, written statements, and any other documents provided by detainees to the Combatant Status Review Tribunals. See Associated Press v. United States Dep't of Defense, No. 05-CV-3941 (S.D.N.Y.) (filed Apr. 19, 2005). DoD released approximately 4,000 pages of records in response to the AP's initial FOIA request, and these pages contained redactions of certain identifying information pertaining to detainees and other third parties pursuant to recognized exemptions established by the FOIA. Last month, the District Court in the Southern District of New York concluded that DoD should release the identifying information that was redacted from the initial FOIA release, and DoD has decided not to appeal the Court's decision. Consequently, DoD will issue a revised FOIA release, with the identifying information left unredacted, on March 3, 2006, pursuant to an order of the Court in the Southern District of New York. The records at issue in the AP FOIA litigation do not constitute the entire CSRT record that provides the basis for petitioner's detention as an enemy combatant. Rather, the complete record of proceedings before the CSRT contains various unclassified information, including the documents sought by the AP as well as other documents, and classified information that cannot be shared with the detainee and is not within the scope of the production of documents in the AP FOIA litigation. This complete record would constitute the factual return in this case, which the Court has ordered must be provided to counsel for petitioner by May 1, 2006. Thus, the revised FOIA release in the

AP FOIA litigation should have no bearing on when counsel are entitled to a factual return in the present habeas litigation. Cf. John Doe Agency v. John Doe Corp., 493 U.S. 146, 153 (1989) ("[T]he FOIA was not intended to supplement or displace rules of discovery.").[4]

Finally, petitioner also requests "ARB information" in connection with the AP FOIA litigation. See Pet's Recon. Mot. at 2-3; Pet's Compel Mot. at 2-3. Not only are records of the Administrative Review Board ("ARB") proceedings not at issue in the AP FOIA litigation cited by petitioner, see supra at 4, but any requests regarding ARB hearings are not properly before this Court, nor are they a proper subject for this litigation. ARB proceedings are separate and distinct from proceedings before CSRTs that determine whether detainees are properly classified as enemy combatants. Thus, the purpose of the ARB proceedings is distinct from the issue involved in the habeas petitions before the Court. The habeas petitions, and factual returns filed in connection with the petitions, concern whether a petitioner is properly subject to continued detention by the United States, that is, whether a detainee has been legitimately determined to be an enemy combatant and, thus, may be detained for the duration of hostilities, if necessary. The ARB proceedings, on the other hand, currently are designed to assess, on an annual basis, not whether a detainee may be detained as an enemy combatant, but whether it is in the interests of the United States to transfer or continue to detain individuals already determined by CSRTs to be enemy combatants. This decision is based on a weighing and balancing of factors, such as the threat a detainee is believed to pose to the United States or its allies in the ongoing armed

---

[4] In any event, counsel would presumably be able to obtain any documentation supplied by petitioner to the CSRT from the AP on March 3, 2006, prior to their visit to Guantanamo Bay. Regardless, however, respondents should not be required to locate, segregate, and produce documents pertaining to petitioner in the much broader FOIA production simply because the documents will be publicly released to the AP on March 3.

conflicts against al Qaeda and its supporters, and the detainee's continuing intelligence value. See Mem. Implementing Admin. Review of the Detention of Enemy Combatants (Sept. 14, 2004) (available at <<http://www.defenselink.mil/news/Sep2004/d20040914adminreview.pdf>>). As a result, the ARB issues and the habeas issues are not the same; indeed, the ARB determination involves a complex weighing of factors and exercise of discretion by the Military that is not justiciable. See, e.g., Dist. No. 1, Pacific Coast Dist., Marine Engs. Beneficial Ass'n v. Maritime Admin., 215 F.3d 37, 42 (D.C. Cir. 2000) (finding that Executive's "judgments on questions of foreign policy and national interest . . . are not subjects fit for judicial involvement").

* * *

For the reasons stated herein, the Court should deny petitioners' "emergency" motions requesting that the Court reconsider its December 28, 2005 Memorandum Opinion and Order, which requires respondents to submit a factual return in this case by May 1, 2006 (dkt no 25).

Dated: February 27, 2006                Respectfully submitted,

                                        PETER D. KEISLER
                                        Assistant Attorney General

                                        DOUGLAS N. LETTER
                                        Terrorism Litigation Counsel

                                           /s/ Preeya M. Noronha
                                        JOSEPH H. HUNT (D.C. Bar No. 431134)
                                        VINCENT M. GARVEY (D.C. Bar No. 127191)
                                        TERRY M. HENRY
                                        JAMES J. SCHWARTZ
                                        PREEYA M. NORONHA
                                        ROBERT J. KATERBERG
                                        NICHOLAS J. PATTERSON
                                        ANDREW I. WARDEN

EDWARD H. WHITE
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents