Steven T. Wax, OSB #85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon  97204
Tel:    503-326-2123
Fax:   503-326-5524
steve_wax@fd.org
Attorney for Petitioner

Patrick J. Ehlers, OSB #04118
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon  97204
Tel:    503-326-2123
Fax:   503-326-5524
patrick_ehlers@fd.org
Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ADEL HASSAN HAMAD,**<br><br>                        Petitioner,<br><br>v.<br><br>**GEORGE W. BUSH, DONALD RUMSFELD, JAY HOOD, and BRICE GYURISKO,**<br><br>                        Respondents. | CV 05-1009 JDB<br><br>REPLY TO GOVERNMENT'S OPPOSITION TO PETITIONER'S MOTIONS TO RECONSIDER TIMING, PRODUCTION, AND TO RENDER ACCESS MEANINGFUL<br><br>(EXPEDITED CONSIDERATION REQUESTED) |

In its opposition to Mr. Hamad's motions seeking material that is necessary to render the initial visit between petitioner and counsel meaningful, the government makes one factual statement and one general argument that warrant a response.

At page 5 of its response, the government states that administrative review board proceedings are not at issue in the AP/FOIA litigation.  That was the position the government initially took in its informal response of February 23, 2006, to counsel's request that the government expedite its provision of material regarding Mr. Hamad when we learned of the decision in the AP/FOIA litigation case.  That initial response by the government was, however, immediately amended by a follow-up communication by Terry Henry that stated: "My prior email may have been incorrect in that Judge Rakoff's order may apply to some ARB information.  Sorry for the error."  Given that communication by the government, we find it difficult to accept the statements contained in the government's pleading regarding the irrelevance of ARB proceedings to either the FOIA litigation or Mr. Hamad's motions.

More generally, the government's response is troubling because it reflects little sense of the obligation of the Attorney General to deal fairly and openly with all litigants.  This is most visible in the inclusion of footnote 4 in the pleading.

The government has detained Mr. Hamad for more than four years without disclosing the basis for that detention.  Now the government has agreed to provide certain information to the press about why Mr. Hamad is being detained.  The government takes the position that if Mr. Hamad's counsel wants to learn about the basis for the detention of Mr. Hamad, then counsel should ask the Associated Press.  This position is troubling at

best.[1]

If the government can provide information about all detainees to the Associate Press by March 3, 2006, then it should take virtually no additional effort to get information specific to Mr. Hamad delivered to counsel and to the secure facility for counsel's review prior to their meeting with Mr. Hamad.

As previously argued, and as dictated by common sense, to make the Court's appointment of counsel meaningful, it is critical that counsel have some understanding as to why Mr. Hamad is being held. With only two days in which to conduct an initial client meeting, the ability to build rapport and trust with Mr. Hamad is critical. This Court can remedy the government's apparent lack of concern by granting the relief that Mr. Hamad seeks. To pull the material related to Mr. Hamad from that to be disclosed to the Associated Press, and email, fax, or Federal Express it to counsel, should be no burden at all on the government. Whatever minimal burden would be incurred by providing the full return now is outweighed by the importance of the information to this proceeding.

Respectfully submitted this 27th day of February, 2008.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

/s/ Patrick Ehlers
Patrick Ehlers
Assistant Federal Defender

---

[1]We must also note that the logistics of travel from Portland, Oregon to Guantánamo would prevent counsel from actually getting access to material provided to the Associated Press on March 3 before we meet with Mr. Hamad.

Page 3   REPLY TO GOVERNMENT'S OPPOSITION TO PETITIONER'S MOTIONS TO RECONSIDER TIMING, PRODUCTION, AND TO RENDER ACCESS MEANINGFUL