IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ADEL HASSAN HAMAD,<br><br>        Petitioner,<br><br>        v.<br><br>GEORGE W. BUSH,<br>        President of the United States,<br>        *et al.*,<br><br>        Respondents. | Civil Action No. 05-CV-1009 (JDB) |

**RESPONDENTS' FACTUAL RETURN TO PETITION FOR WRIT OF
HABEAS CORPUS BY PETITIONER ADEL HASSAN HAMAD
AND NOTICE OF SUBMISSION OF FACTUAL RETURN UNDER SEAL**

Respondents hereby submit, as explained herein, the final record of proceedings before the Combatant Status Review Tribunal pertaining to petitioner Hassan Adel Hussein (listed in the petition as Adel Hassan Hamad) as a factual return to petitioner's petition for writ of habeas corpus. For the reasons explained in the record, petitioner Hassan Adel Hussein has been determined to be an enemy combatant. Accordingly, petitioner Hassan Adel Hussein is lawfully subject to detention pursuant to the President's power as Commander in Chief or otherwise, and is being detained.[1]

---

[1] On December 30, 2005, the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the Act"), became law. The Act, among other things, amends 28 U.S.C. § 2241 to remove court jurisdiction to hear or consider applications for writs of habeas corpus and other actions brought in this Court by or on behalf of aliens detained at Guantanamo Bay, Cuba, and creates an exclusive review mechanism in the D.C. Circuit, applicable to pending cases, to address the validity of the detention of such aliens held as enemy combatants. Id. § 1005(e)(1), (h)(2). In light of this and given the new, statutory withdrawal of the Court's jurisdiction, a stay of all proceedings in this case is appropriate pending the resolution of the effect of the Act. Indeed, our understanding is that it is the sense of the Court that it wishes to await anticipated guidance from the D.C. Circuit regarding the effect of the Act before deciding

The portion of the record suitable for public release is attached hereto. See Exhibit A. The remaining portions of the record, including information that is classified or not suitable for public release, are being submitted under seal through the Court Security Officers. One copy of the factual return is being submitted to the Court for *in camera* review. Another copy of the factual return, containing information suitable for disclosure to counsel under seal, is being made available to petitioner's counsel who have been issued security clearances, consistent with the Protective Order. See June 27, 2005 Order (applying Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al., 355 F. Supp. 2d 443 (D.D.C. Nov. 8, 2004), and related orders, to this case). Any redactions made in the factual return are explained in the declaration(s)/certification(s) submitted therewith. Both copies of the factual return contain highlighting, explained therein, consistent with the Court's Order for Specific Disclosures Relating to Respondents' Motion to Designate as "Protected Information" Unclassified Information and Petitioners' Motion for Access to Unredacted Factual Returns, entered on December 8, 2004 by Judge Green in the coordinated cases. Respondents have designated certain highlighted, unclassified information in the factual return as "protected information" under the Protective Order. Pursuant to the Protective Order, once counsel for petitioner has reviewed the factual return and counsel for the parties have conferred, respondents

---

any pending motions. Notwithstanding these developments, however, respondents hereby submit a factual return pertaining to petitioner Hassan Adel Hussein pursuant to the Court's December 28, 2005 Memorandum Opinion and Order.

will file a motion requesting that the Court designate the information in the factual return as "protected" pursuant to the Protective Order.[2]

For the reasons explained in the factual return, petitioner Hassan Adel Hussein has been determined to be an enemy combatant and is, therefore, lawfully subject to detention pursuant to the President's power as Commander in Chief or otherwise.  Accordingly, the petition for writ of habeas corpus should be dismissed and the relief sought therein denied.

Dated: May 1, 2006                                                  Respectfully submitted,

                                                                    PETER D. KEISLER
                                                                    Assistant Attorney General

                                                                    DOUGLAS N. LETTER
                                                                    Terrorism Litigation Counsel

                                                                      /s/ Preeya M. Noronha
                                                                    JOSEPH H. HUNT (D.C. Bar No. 431134)
                                                                    VINCENT M. GARVEY (D.C. Bar No. 127191)
                                                                    TERRY M. HENRY
                                                                    JAMES J. SCHWARTZ
                                                                    PREEYA M. NORONHA
                                                                    ROBERT J. KATERBERG
                                                                    NICHOLAS J. PATTERSON
                                                                    ANDREW I. WARDEN
                                                                    EDWARD H. WHITE
                                                                    MARC A. PEREZ
                                                                    Attorneys
                                                                    United States Department of Justice
                                                                    Civil Division, Federal Programs Branch
                                                                    20 Massachusetts Ave., N.W.
                                                                    Washington, DC  20530
                                                                    Tel:  (202) 514-4107
                                                                    Fax:  (202) 616-8470

                                                                    Attorneys for Respondents

---

[2]  Pursuant to the Protective Order, respondents are disclosing this information to petitioner's counsel, who shall treat such information as "protected" unless and until the Court rules that the information should not be designated as "protected."