Steven T. Wax, OSB #85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon  97204
Tel:    503-326-2123
Fax:   503-326-5524
steve_wax@fd.org
Attorney for Petitioner

Patrick J. Ehlers, OSB #04118
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon  97204
Tel:    503-326-2123
Fax:   503-326-5524
patrick_ehlers@fd.org
Attorney for Petitioner

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ADEL HASSAN HAMAD,** <br><br> Petitioner, <br><br> v. <br><br> **GEORGE W. BUSH, DONALD RUMSFELD, JAY HOOD, and BRICE GYURISKO,** <br><br> Respondents. | CV 05-1009 JDB <br><br> **PETITIONER'S REPLY TO RESPONDENTS' OPPOSITION TO PETITIONER'S FIRST MOTION FOR DISCOVERY** |

**Introduction**

Petitioner's discovery motion seeks information designed to disclose a single core fact: whether Petitioner is a detainee who has been cleared for release to his home country.  This fact, once determined, dictates what counsel should be doing on behalf of Petitioner.  The discovery addresses a preliminary matter that does not require the Court

to address ultimate questions of jurisdiction. Instead, the disclosure sought by Petitioner is entirely consistent with prior orders by this court directing Respondents to provide basic factual information critical to effective representation.

### A. The Discovery Motion Addresses A Preliminary Matter Necessary To Focus Counsel's Representation Of The Detainee.

This Court initially ordered disclosure of the factual return in the instant case because such basic factual information is necessary for counsel to effectively represent Petitioner. Doc. 25 at 4. Since the disclosure of the factual return, other facts have come to light that indicate Petitioner's status has changed and he may now be among those detainees who have been cleared for release and repatriation to their home countries. The efforts of counsel depend on whether such a change in status has occurred.

The discovery motion seeks nothing more than an update of the factual return filed on May 1, 2006, and clarification of the representations made by Respondents at that time. Doc. 35 at 3. In the factual return, Respondents represented the following:

> For the reasons explained in the factual return, petitioner Hassan Adel Hussein has been determined to be an enemy combatant and is, therefore, lawfully subject to detention pursuant to the President's power as Commander in Chief or otherwise.

Id. For reasons that are detailed below and in the initial motion for discovery, it appears this representation is likely no longer true. If Respondents have, since filing their factual return, changed their position and placed Petitioner on a list of detainees slated for release, that basic fact should be disclosed.

There appears to be a class of individuals who have been cleared for release but who remain at Guantánamo, and who have not been formally classified as "no longer enemy combatant" ("NEC"). The Department of Defense has publicly identified a group

of detainees, approximately 140 in number, who have been cleared for release. Doc. 45, Ex. 2. It appears Respondents have created an intermediate unnamed status for certain individuals by failing to make determinations following Administrative Review Board hearings. If this is the case, providing counsel with updated basic factual information about Petitioner's status is all the more critical. Detainees who have had their determinations delayed, and who have not received their ARB determinations, have, while waiting for the determination, been released from Guantánamo and repatriated to their home countries. Doc. 45 at 9.

B.   **Mr. Hamad Is Not Only In The Small Group For Whom No Updated ARB Has Issued, But He Is In The Unique Position Of Being The Only Detainee With A Dissenting Opinion On His Initial CSRT.**

To the best of undersigned counsels' knowledge, Petitioner's last annual Administrative Review Board hearing took place almost a full year ago. Neither he nor counsel has been informed of any determination regarding his status following that hearing. As the anniversary for the next annual review approaches, there has been no conclusion made about the last annual review to counsels' knowledge. Petitioner's status appears to be in the procedural limbo that preceded, at least for other detainees, their release. Coupled with the fact that Petitioner's detention was, from the outset, considered unconscionable by a member of the Combatant Status Review Tribunal, Petitioner's instant request is especially compelling. Petitioner Hamad has now been held at Guantánamo Bay for more than four years based on a split decision under what is likely an unconstitutional standard, and now a year has elapsed without any determination from his last ARB.

Petitioner's case is unique and will not open a floodgate of litigation as predicted by Respondents. Unlike any other case known to counsel, Petitioner's CSRT determination was not unanimous. Additionally, since the time of that split decision, counsel have learned from Petitioner that one of his interrogators advised him he was cleared for release, and others who have been released, like Petitioner, did not receive any determination from the last ARB before being returned home. Respondents' response is silent about these critical facts.[1]

Certainly, if the government is in possession of information that Petitioner Hamad is on a list of individuals cleared to be repatriated to their home countries because they are no longer a threat to the United States and are no longer enemy combatants, the litigation in this case can terminate quickly and Petitioner can be repatriated to his home country.

Respondent's attempt to make a meaningful distinction between the CSRT and the ARB proceedings is unconvincing. Petitioner is being detained. At one point Respondents asserted that this was because he was an enemy combatant. Now, with no determination made by an ARB held a year ago, there is no indication why Petitioner is being held. It is the understanding of counsel that those individuals who have received ARB determinations have been advised in notices of these decisions that they are still considered to be enemy combatants. Petitioner has not received such a determination and has instead been

---

[1] Moreover, the number of detainees who seek relief from their detention at Guantánamo should provide no basis upon which to delay Petitioner's access to the fundamental information sought here. Yong v. INS, 208 F.3d 1116, 1120-21 (9th Cir. 2000) ("although considerations of judicial economy are appropriate, they cannot justify the indefinite, and potentially lengthy, stay imposed here"); Johnson v. Rogers, 917 F.2d 1283, 1285 (10th Cir. 1990) (a crowded docket, without more, is insufficient to justify lengthy delay); McClellan v. Young, 421 F.2d 690, 691 (6th Cir. 1970) (numerous pending habeas petitions insufficient basis to justify delay in deciding them).

**Page 4 PETITIONER'S REPLY TO RESPONDENT'S OPPOSITION**

provided with a number of facts that indicate he is slated for release. If this is so, Petitioner and his counsel should be advised.

**C.   This Court Has Jurisdiction To Order The Requested Discovery Regardless Of The Ultimate Questions of Jurisdiction.**

The Respondent's position on jurisdiction is no longer tenable in light of the Supreme Court's holding and reasoning in <u>Hamdan v. Rumsfield</u>, 126 S.Ct 2749, 2769 (2006). However, this Court is free to order preliminary relief on issues before resolving ultimate jurisdictional questions. <u>United States v. United Mine Workers</u>, 330 U.S. 258, 293 (1947). This Court has recently rejected the arguments relied on by Respondents in <u>Habibullar Mangut v. Bush</u>, CV 05-1008-JDB, in which this Court ordered the disclosure of a factual return without reaching the ultimate jurisdictional questions addressed in <u>In re Guantánamo Detainee Cases</u>, 335 F. Supp.2d 443 (D.D.C. 2005), and <u>Khalid v. Bush</u>, 355 F. Supp.2d 311 (D.D.C. 2005). <u>See also</u> <u>Al-Ghizzawi v. Bush</u>, No. 05-2378 (JDB) at 2-3 (Aug. 9, 2006) (ordering factual return without reaching jurisdictional question); <u>Adem v. Bush</u>, 425 F. Supp. 2d 7, 14-20 (2006) (addressing access counsel under the protective order without reaching jurisdictional issues).

Contrary to the position taken by Respondents in the instant case, and in <u>Habibullah Mangut</u>, neither the DTA nor the stay present issues that need to be resolved by this Court prior to the disclosure of the information now sought by Petitioner. As discussed above, the discovery sought by Petitioner does nothing more than update a factual return that appears to have become stale due to the passage of time and a change in the unique circumstances of Petitioner's case. However, should this court determine the DTA or the stay are issues that need to be reached by the Court before ruling on the instant motion

for discovery, Petitioner would request ten days from that determination to file supplemental briefing regarding the inapplicability of the DTA and the stay.

**Conclusion**

For the foregoing reasons and those stated in the initial motion, the Court should order Respondent to disclose the limited discovery requested. This information is vital to counsels' effective representation of Petitioner.

Respectfully submitted on August 22, 2006.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

/s/ Patrick J. Ehlers
Patrick J. Ehlers
Assistant Federal Public Defender

O:\GTMO\Clients\Adel Hassan Hamad\pleadings\reply to opposition re discovery FINALCOPY1A.wpd