EXHIBIT 21

AUMF dated September 18, 2001

```
<DOC>
[DOCID: f:publ040.107]
```

[[Page 115 STAT. 224]]

Public Law 107-40
107th Congress

Joint Resolution

To authorize the use of United States Armed Forces against those
responsible for the recent attacks launched against the United
   States. <<NOTE: Sept. 18, 2001 - [S.J. Res. 23]>>

Whereas, on September 11, 2001, acts of treacherous violence were
    committed against the United States and its citizens; and
Whereas, such acts render it both necessary and appropriate that the
    United States exercise its rights to self-defense and to protect
    United States citizens both at home and abroad; and
Whereas, in light of the threat to the national security and foreign
    policy of the United States posed by these grave acts of violence;
    and
Whereas, such acts continue to pose an unusual and extraordinary threat
    to the national security and foreign policy of the United States;
    and
Whereas, the President has authority under the Constitution to take
    action to deter and prevent acts of international terrorism against
    the United States: Now, therefore, be it

    Resolved by the Senate and House of Representatives of the United
States of America in Congress assembled, <<NOTE: Authorization for Use
of Military Force. 50 USC 1541 note.>>

SECTION 1. SHORT TITLE.

    This joint resolution may be cited as the ``Authorization for Use of
Military Force''.

SEC. 2. AUTHORIZATION FOR USE OF UNITED STATES ARMED FORCES.

    (a)  <<NOTE: President.>> In General.--That the President is
authorized to use all necessary and appropriate force against those
nations, organizations, or persons he determines planned, authorized,
committed, or aided the terrorist attacks that occurred on September 11,
2001, or harbored such organizations or persons, in order to prevent any
future acts of international terrorism against the United States by such
nations, organizations or persons.

    (b) War Powers Resolution Requirements.--
            (1) Specific statutory authorization.--Consistent with
        section 8(a)(1) of the War Powers Resolution, the Congress
        declares that this section is intended to constitute specific
        statutory authorization within the meaning of section 5(b) of
        the War Powers Resolution.

[[Page 115 STAT. 225]]

```
        (2) Applicability of other requirements.--Nothing in this
    resolution supercedes any requirement of the War Powers
    Resolution.

    Approved September 18, 2001.

LEGISLATIVE HISTORY--S.J. Res. 23 (H.J. Res. 64):
---------------------------------------------------------------------------

CONGRESSIONAL RECORD, Vol. 147 (2001):
            Sept. 14, considered and passed Senate and House.
WEEKLY COMPILATION OF PRESIDENTIAL DOCUMENTS, Vol. 37 (2001):
            Sept. 18, Presidential statement.

                                <all>
```

EXHIBIT 22

Executive Order
dated November 13, 2001



Home > News & Policies > November 2001

**Issues**

Budget Management
Education
Energy
Health Care
Homeland Security
Hurricane Recovery
Immigration
Jobs & Economy
Medicare
National Security
Pandemic Flu
Patriot Act
Renewal in Iraq
Social Security

More Issues

**News**

Current News
Press Briefings
Proclamations
Executive Orders
Radio
RSS Feeds

**News by Date**

July 2006
June 2006
May 2006
April 2006
March 2006
February 2006
January 2006
December 2005
November 2005
October 2005
September 2005
August 2005
July 2005
June 2005
May 2005
April 2005
March 2005
February 2005
January 2005
December 2004
November 2004
October 2004
September 2004

For
Office of

**President Issues Military Order**
Detention, Treatment, and Trial of Certain Non-Citizens in the War Against Terrorism

By the authority vested in me as President and as Commander in Chief of the Armed Forces States by the Constitution and the laws of the United States of America, including the Author of Military Force Joint Resolution (Public Law 107-40, 115 Stat. 224) and sections 821 and 8 United States Code, it is hereby ordered as follows:

Section 1. Findings.

(a) International terrorists, including members of al Qaida, have carried out attacks on Unite diplomatic and military personnel and facilities abroad and on citizens and property within the States on a scale that has created a state of armed conflict that requires the use of the Unite Armed Forces.

(b) In light of grave acts of terrorism and threats of terrorism, including the terrorist attacks o 11, 2001, on the headquarters of the United States Department of Defense in the national ca on the World Trade Center in New York, and on civilian aircraft such as in Pennsylvania, I pr national emergency on September 14, 2001 (Proc. 7463, Declaration of National Emergency Certain Terrorist Attacks).

(c) Individuals acting alone and in concert involved in international terrorism possess both th and the intention to undertake further terrorist attacks against the United States that, if not de prevented, will cause mass deaths, mass injuries, and massive destruction of property, and i risk the continuity of the operations of the United States Government.

(d) The ability of the United States to protect the United States and its citizens, and to help it other cooperating nations protect their nations and their citizens, from such further terrorist a depends in significant part upon using the United States Armed Forces to identify terrorists a support them, to disrupt their activities, and to eliminate their ability to conduct or support suc

(e) To protect the United States and its citizens, and for the effective conduct of military ope prevention of terrorist attacks, it is necessary for individuals subject to this order pursuant to hereof to be detained, and, when tried, to be tried for violations of the laws of war and other laws by military tribunals.

(f) Given the danger to the safety of the United States and the nature of international terroris extent provided by and under this order, I find consistent with section 836 of title 10, United S that it is not practicable to apply in military commissions under this order the principles of law of evidence generally recognized in the trial of criminal cases in the United States district cou

(g) Having fully considered the magnitude of the potential deaths, injuries, and property des would result from potential acts of terrorism against the United States, and the probability tha will occur, I have determined that an extraordinary emergency exists for national defense pur

August 2004
July 2004
June 2004
May 2004
April 2004
March 2004
February 2004
January 2004
December 2003
November 2003
October 2003
September 2003
August 2003
July 2003
June 2003
May 2003
April 2003
March 2003
February 2003
January 2003
December 2002
November 2002
October 2002
September 2002
August 2002
July 2002
June 2002
May 2002
April 2002
March 2002
February 2002
January 2002
December 2001
November 2001
October 2001
September 2001
August 2001
July 2001
June 2001
May 2001
April 2001
March 2001
February 2001
January 2001

**Appointments**

Nominations
Application

**Federal Facts**

Federal Statistics

**West Wing**

History

this emergency constitutes an urgent and compelling govern-ment interest, and that issuanc is necessary to meet the emergency.

Sec. 2. Definition and Policy.

(a) The term "individual subject to this order" shall mean any individual who is not a United S with respect to whom I determine from time to time in writing that:

(1) there is reason to believe that such individual, at the relevant

times,

(i) is or was a member of the organization known as al Qaida;

(ii) has engaged in, aided or abetted, or conspired to commit,

acts of international terrorism, or acts in preparation therefor,

that have caused, threaten to cause, or have as their aim to

cause, injury to or adverse effects on the United States, its

citizens, national security, foreign policy, or economy; or

(iii) has knowingly harbored one or more individuals described in

subparagraphs (i) or (ii) of subsection 2(a)(1) of this order;

and

(2) it is in the interest of the United States that such individual

be subject to this order.

(b) It is the policy of the United States that the Secretary of Defense shall take all necessary ensure that any individual subject to this order is detained in accordance with section 3, and, individual is to be tried, that such individual is tried only in accordance with section 4.

(c) It is further the policy of the United States that any individual subject to this order who is under the control of the Secretary of Defense but who is under the control of any other office the United States or any State shall, upon delivery of a copy of such written determination to agent, forthwith be placed under the control of the Secretary of Defense.

Sec. 3. Detention Authority of the Secretary of Defense. Any individual subject to this order

(a) detained at an appropriate location designated by the Secretary of Defense outside or w United States;

(b) treated humanely, without any adverse distinction based on race, color, religion, gender, or any similar criteria;

(c) afforded adequate food, drinking water, shelter, clothing, and medical treatment;

(d) allowed the free exercise of religion consistent with the requirements of such detention; a



PHOTO ESSAYS



WHITE HOUSE
FEATURES

learn more

(e) detained in accordance with such other conditions as the Secretary of Defense may pres

Sec. 4. Authority of the Secretary of Defense Regarding Trials of Individuals Subject to this

(a) Any individual subject to this order shall, when tried, be tried by military commission for a offenses triable by military commission that such individual is alleged to have committed, and punished in accordance with the penalties provided under applicable law, including life impri death.

(b) As a military function and in light of the findings in section 1, including subsection (f) ther Secretary of Defense shall issue such orders and regulations, including orders for the appoir or more military commissions, as may be necessary to carry out subsection (a) of this sectio

(c) Orders and regulations issued under subsection (b) of this section shall include, but not I rules for the conduct of the proceedings of military commissions, including pretrial, trial, and procedures, modes of proof, issuance of process, and qualifications of attorneys, which shall provide for --

(1) military commissions to sit at any time and any place, consistent

with such guidance regarding time and place as the Secretary of

Defense may provide;

(2) a full and fair trial, with the military commission sitting as

the triers of both fact and law;

(3) admission of such evidence as would, in the opinion of the

presiding officer of the military commission (or instead, if any other

member of the commission so requests at the time the presiding officer

renders that opinion, the opinion of the commission rendered at that

time by a majority of the commission), have probative value to a

reasonable person;

(4) in a manner consistent with the protection of information

classified or classifiable under Executive Order 12958 of April 17,

1995, as amended, or any successor Executive Order, protected by

statute or rule from unauthorized disclosure, or otherwise protected

by law, (A) the handling of, admission into evidence of, and access to

materials and information, and (B) the conduct, closure of, and access

to proceedings;

(5) conduct of the prosecution by one or more attorneys designated by the Secretary of Defense and conduct of the defense by attorneys for the individual subject to this order;

(6) conviction only upon the concurrence of two-thirds of the members of the commission present at the time of the vote, a majority being present;

(7) sentencing only upon the concurrence of two-thirds of the members of the commission present at the time of the vote, a majority being present; and

(8) submission of the record of the trial, including any conviction or sentence, for review and final decision by me or by the Secretary of Defense if so designated by me for that purpose.

Sec. 5. Obligation of Other Agencies to Assist the Secretary of Defense.

Departments, agencies, entities, and officers of the United States shall, to the maximum exte by law, provide to the Secretary of Defense such assistance as he may request to implemen

Sec. 6. Additional Authorities of the Secretary of Defense.

(a) As a military function and in light of the findings in section 1, the Secretary of Defense sh orders and regulations as may be necessary to carry out any of the provisions of this order.

(b) The Secretary of Defense may perform any of his functions or duties, and may exercise powers provided to him under this order (other than under section 4(c)(8) hereof) in accordai section 113(d) of title 10, United States Code.

Sec. 7. Relationship to Other Law and Forums.

(a) Nothing in this order shall be construed to --

(1) authorize the disclosure of state secrets to any person not otherwise authorized to have access to them;

(2) limit the authority of the President as Commander in Chief of the Armed Forces or the power of the President to grant reprieves and pardons; or

(3) limit the lawful authority of the Secretary of Defense, any

military commander, or any other officer or agent of the United States or of any State to detain or try any person who is not an individual subject to this order.

(b) With respect to any individual subject to this order --

(1) military tribunals shall have exclusive jurisdiction with respect to offenses by the individual; and

(2) the individual shall not be privileged to seek any remedy or maintain any proceeding, directly or indirectly, or to have any such remedy or proceeding sought on the individual's behalf, in (i) any court of the United States, or any State thereof, (ii) any court of any foreign nation, or (iii) any international tribunal.

(c) This order is not intended to and does not create any right, benefit, or privilege, substant procedural, enforceable at law or equity by any party, against the United States, its departme or other entities, its officers or employees, or any other person.

(d) For purposes of this order, the term "State" includes any State, district, territory, or posse United States.

(e) I reserve the authority to direct the Secretary of Defense, at any time hereafter, to transfe governmental authority control of any individual subject to this order. Nothing in this order sh construed to limit the authority of any such governmental authority to prosecute any individua control is transferred.

Sec. 8. Publication.

This order shall be published in the Federal Register.

GEORGE W. BUSH

THE WHITE HOUSE,

November 13, 2001.

### 



PRINTER-FRIENDLY VERSION
E-MAIL THIS PAGE

President | Vice President | First Lady | Mrs. Cheney | News & Policies
History & Tours | Kids | Your Government | Appointments | Jobs | Contact | Text only
Accessibility | Search | Privacy Policy | Help

http://www.whitehouse.gov/news/releases/2001/11/20011113-27.html　　9/18/2006

# EXHIBIT 23

# Deputy Secretary of Defense Wolfowitz July 7, 2004 memo defining "Enemy Combatant"



**DEPUTY SECRETARY OF DEFENSE**
1010 DEFENSE PENTAGON
WASHINGTON, DC 20301-1010

-7 JUL 2004

MEMORANDUM FOR THE SECRETARY OF THE NAVY

SUBJECT:  Order Establishing Combatant Status Review Tribunal

This Order applies only to foreign nationals held as enemy combatants in the control of the Department of Defense at the Guantanamo Bay Naval Base, Cuba ("detainees").

　*a. Enemy Combatant.* For purposes of this Order, the term "enemy combatant" shall mean an individual who was part of or supporting Taliban or al Qaeda forces, or associated forces that are engaged in hostilities against the United States or its coalition partners. This includes any person who has committed a belligerent act or has directly supported hostilities in aid of enemy armed forces. Each detainee subject to this Order has been determined to be an enemy combatant through multiple levels of review by officers of the Department of Defense.

　*b. Notice.* Within ten days after the date of this Order, all detainees shall be notified of the opportunity to contest designation as an enemy combatant in the proceeding described herein, of the opportunity to consult with and be assisted by a personal representative as described in paragraph (c), and of the right to seek a writ of habeas corpus in the courts of the United States.

　*c. Personal Representative.* Each detainee shall be assigned a military officer, with the appropriate security clearance, as a personal representative for the purpose of assisting the detainee in connection with the review process described herein. The personal representative shall be afforded the opportunity to review any reasonably available information in the possession of the Department of Defense that may be relevant to a determination of the detainee's designation as an enemy combatant, including any records, determinations, or reports generated in connection with earlier determinations or reviews, and to consult with the detainee concerning that designation and any challenge thereto. The personal representative may share any information with the detainee, except for classified information, and may participate in the Tribunal proceedings as provided in paragraph (g)(4).

　*d. Tribunals.* Within 30 days after the detainee's personal representative has been afforded the opportunity to review the reasonably available information in the possession of the Department of Defense and had an opportunity to consult with the detainee, a Tribunal shall be convened to review the detainee's status as an enemy combatant.

　*e. Composition of Tribunal.* A Tribunal shall be composed of three neutral commissioned officers of the U.S. Armed Forces, each of whom possesses the appropriate security clearance and none of whom was involved in the apprehension,



detention, interrogation, or previous determination of status of the detainee. One of the members shall be a judge advocate. The senior member (in the grade of O-5 and above) shall serve as President of the Tribunal. Another non-voting officer, preferably a judge advocate, shall serve as the Recorder and shall not be a member of the Tribunal.

*f. Convening Authority.* The Convening Authority shall be designated by the Secretary of the Navy. The Convening Authority shall appoint each Tribunal and its members, and a personal representative for each detainee. The Secretary of the Navy, with the concurrence of the General Counsel of the Department of Defense, may issue instructions to implement this Order.

*g. Procedures.*

(1) The Recorder shall provide the detainee in advance of the proceedings with notice of the unclassified factual basis for the detainee's designation as an enemy combatant.

(2) Members of the Tribunal and the Recorder shall be sworn. The Recorder shall be sworn first by the President of the Tribunal. The Recorder will then administer an oath, to faithfully and impartially perform their duties, to all members of the Tribunal to include the President.

(3) The record in each case shall consist of all the documentary evidence presented to the Tribunal, the Recorder's summary of all witness testimony, a written report of the Tribunal's decision, and a recording of the proceedings (except proceedings involving deliberation and voting by the members), which shall be preserved.

(4) The detainee shall be allowed to attend all proceedings, except for proceedings involving deliberation and voting by the members or testimony and other matters that would compromise national security if held in the presence of the detainee. The detainee's personal representative shall be allowed to attend all proceedings, except for proceedings involving deliberation and voting by the members of the Tribunal.

(5) The detainee shall be provided with an interpreter, if necessary.

(6) The detainee shall be advised at the beginning of the hearing of the nature of the proceedings and of the procedures accorded him in connection with the hearing.

(7) The Tribunal, through its Recorder, shall have access to and consider any reasonably available information generated in connection with the initial determination to hold the detainee as an enemy combatant and in any subsequent reviews of that determination, as well as any reasonably available records, determinations, or reports generated in connection therewith.

(8) The detainee shall be allowed to call witnesses if reasonably available, and to question those witnesses called by the Tribunal. The Tribunal shall determine the

reasonable availability of witnesses. If such witnesses are from within the U.S. Armed Forces, they shall not be considered reasonably available if, as determined by their commanders, their presence at a hearing would affect combat or support operations. In the case of witnesses who are not reasonably available, written statements, preferably sworn, may be submitted and considered as evidence.

(9) The Tribunal is not bound by the rules of evidence such as would apply in a court of law. Instead, the Tribunal shall be free to consider any information it deems relevant and helpful to a resolution of the issue before it. At the discretion of the Tribunal, for example, it may consider hearsay evidence, taking into account the reliability of such evidence in the circumstances. The Tribunal does not have the authority to declassify or change the classification of any national security information it reviews.

(10) The detainee shall have a right to testify or otherwise address the Tribunal in oral or written form, and to introduce relevant documentary evidence.

(11) The detainee may not be compelled to testify before the Tribunal.

(12) Following the hearing of testimony and the review of documents and other evidence, the Tribunal shall determine in closed session by majority vote whether the detainee is properly detained as an enemy combatant. Preponderance of evidence shall be the standard used in reaching this determination, but there shall be a rebuttable presumption in favor of the Government's evidence.

(13) The President of the Tribunal shall, without regard to any other provision of this Order, have authority and the duty to ensure that all proceedings of or in relation to the Tribunal under this Order shall comply with Executive Order 12958 regarding national security information.

h. *The Record.* The Recorder shall, to the maximum extent practicable, prepare the record of the Tribunal within three working days of the announcement of the Tribunal's decision. The record shall include those items described in paragraph (g)(3) above. The record will then be forwarded to the Staff Judge Advocate for the Convening Authority, who shall review the record for legal sufficiency and make a recommendation to the Convening Authority. The Convening Authority shall review the Tribunal's decision and, in accordance with this Order and any implementing instructions issued by the Secretary of the Navy, may return the record to the Tribunal for further proceedings or approve the decision and take appropriate action.

i. *Non-Enemy Combatant Determination.* If the Tribunal determines that the detainee shall no longer be classified as an enemy combatant, the written report of its decision shall be forwarded directly to the Secretary of Defense or his designee. The Secretary or his designee shall so advise the Secretary of State, in order to permit the Secretary of State to coordinate the transfer of the detainee for release to the detainee's

country of citizenship or other disposition consistent with domestic and international obligations and the foreign policy of the United States.

  j. This Order is intended solely to improve management within the Department of Defense concerning its detention of enemy combatants at Guantanamo Bay Naval Base, Cuba, and is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law, in equity, or otherwise by any party against the United States, its departments, agencies, instrumentalities or entities, its officers, employees or agents, or any other person.

  k. Nothing in this Order shall be construed to limit, impair, or otherwise affect the constitutional authority of the President as Commander in Chief or any authority granted by statute to the President or the Secretary of Defense.

  This Order is effective immediately.

*Paul Wolfowitz* (signature)