PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING

Steven T. Wax, OSB #85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon  97204
Tel:    503-326-2123
Fax:    503-326-5524
steve_wax@fd.org
Attorney for Petitioner

Patrick J. Ehlers, OSB #04118
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon  97204
Tel:    503-326-2123
Fax:    503-326-5524
patrick_ehlers@fd.org
Attorney for Petitioner


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADEL HASSAN HAMAD, | CV 05-1009 JDB |
| Petitioner, | |
| v. | EXHIBITS TO MOTION TO COMPEL CLASSIFICATION REVIEW |
| GEORGE W. BUSH, DONALD RUMSFELD, JAY HOOD, and BRICE GYURISKO, | |
| Respondents. | |


1.    Pages 1 through 4 of Executive Order 12958;

2.    Email from Steve Wax to andrew.warden@usdoj.gov dated 10/06/2006;

3.    Email from Steve Wax to andrew.warden@usdoj.gov dated 10/11/2006;

Page 1  EXHIBITS TO MOTION TO COMPEL CLASSIFICATION REVIEW

PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING

4.    Email from Steve_Wax@fd.org to andrew.warden@usdoj.gov dated 10/11/2006, and email from andrew.warden@usdoj.gov to Steve_Wax@fd.org dated 10/11/2006;

5.    Email from andrew.warden@usdoj.gov to Steve_Wax@fd.org dated 10/11/2006, and email from Patrick Ehlers to andrew.warden@usdoj.gov dated 10/11/2006 (2 pages);

6.    Email from Patrick_Ehlers@fd.org to andrew.warden@usdoj.gov dated October 24, 2006, and email from andrew.warden@usdoj.gov to Patrick_Ehlers@fd.org dated 10/25/2006;

7.    Email from Patrick_Ehlers@fd.org to andrew.warden@usdoj.gov dated October 31, 2006, and email from andrew.warden@usdoj.gov to Patrick_Ehlers@fd.org;

8.    Email from Patrick_Ehlers@fd.org to andrew.warden@usdoj.gov dated 11/03/2006;

9.    Email from Patrick_Ehlers@fd.org to andrew.warden@usdoj.gov dated 11/06/2006; and

10.    Email from andrew.warden@usdoj.gov to Patrick_Ehlers@fd.org dated 11/07/2006.

Respectfully submitted this 22nd day of November, 2006.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

/s/ Patrick J. Ehlers
Patrick J. Ehlers

PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING

Assistant Federal Public Defender

PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING

# EXHIBIT 1

PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING

60 FR 19825
60 FR 19825, Exec. Order No. 12958, 1995 WL 17211576 (Pres.)
**(Cite as: 60 FR 19825)**

Executive Order 12958

Classified National Security Information

April 17, 1995

**\*19825**  This order prescribes a uniform system for classifying, safeguarding, and declassifying national security information. Our democratic principles require that the American people be informed of the activities of their Government. Also, our Nation's progress depends on the free flow of information. Nevertheless, throughout our history, the national interest has required that certain information be maintained in confidence in order to protect our citizens, our democratic institutions, and our participation within the community of nations. Protecting information critical to our Nation's security remains a priority. In recent years, however, dramatic changes have altered, although not eliminated, the national security threats that we confront. These changes provide a greater opportunity to emphasize our commitment to open Government.

NOW, THEREFORE, by the authority vested in me as President by the Constitution and the laws of the United States of America, it is hereby ordered as follows:

PART 1--ORIGINAL CLASSIFICATION

Section 1.1.  Definitions. For purposes of this order:

(a) "National security" means the national defense or foreign relations of the United States.

(b) "Information" means any knowledge that can be communicated or documentary material, regardless of its physical form or characteristics, that is owned by, produced by or for, or is under the control of the United States Government. "Control" means the authority of the agency that originates information, or its successor in function, to regulate access to the information.

(c) "Classified national security information" (hereafter "classified information") means information that has been determined pursuant to this order or any predecessor order to require protection against unauthorized disclosure and is marked to indicate its classified status when in documentary form.

(d) "Foreign Government Information" means:

(1) information provided to the United States Government by a foreign government or governments, an international organization of governments, or any element thereof, with the expectation that the information, the source of the information, or both, are to be held in confidence;

(2) information produced by the United States pursuant to or as a result of a joint arrangement with a foreign government or governments, or an international organization of governments, or any element thereof, requiring that the information, the arrangement, or both, are to be held in confidence; or

(3) information received and treated as "Foreign Government Information" under the terms of a predecessor order.

(e) "Classification" means the act or process by which information is determined to be classified information.

PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING

60 FR 19825
60 FR 19825, Exec. Order No. 12958, 1995 WL 17211576 (Pres.)
**(Cite as: 60 FR 19825)**

(f) "Original classification" means an initial determination that information requires, in the interest of national security, protection against unauthorized disclosure.

**\*19826** (g) "Original classification authority" means an individual authorized in writing, either by the President, or by agency heads or other officials designated by the President, to classify information in the first instance.

(h) "Unauthorized disclosure" means a communication or physical transfer of classified information to an unauthorized recipient.

(i) "Agency" means any "Executive agency," as defined in _____, and any other entity within the executive branch that comes into the possession of classified information.

(j) "Senior agency official" means the official designated by the agency head under section 5.6(c) of this order to direct and administer the agency's program under which information is classified, safeguarded, and declassified.

(k) "Confidential source" means any individual or organization that has provided, or that may reasonably be expected to provide, information to the United States on matters pertaining to the national security with the expectation that the information or relationship, or both, are to be held in confidence.

(l) "Damage to the national security" means harm to the national defense or foreign relations of the United States from the unauthorized disclosure of information, to include the sensitivity, value, and utility of that information.

Sec. 1.2. Classification Standards. (a) Information may be originally classified under the terms of this order only if all of the following conditions are met:

(1) an original classification authority is classifying the information;

(2) the information is owned by, produced by or for, or is under the control of the United States Government;

(3) the information falls within one or more of the categories of information listed in section 1.5 of this order; and

(4) the original classification authority determines that the unauthorized disclosure of the information reasonably could be expected to result in damage to the national security and the original classification authority is able to identify or describe the damage.

(b) If there is significant doubt about the need to classify information, it shall not be classified. This provision does not:

(1) amplify or modify the substantive criteria or procedures for classification; or

(2) create any substantive or procedural rights subject to judicial review.

(c) Classified information shall not be declassified automatically as a result of any unauthorized disclosure of identical or similar information.

Sec. 1.3. Classification Levels. (a) Information may be classified at one of the

PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING

60 FR 19825                                                            Page 3
60 FR 19825, Exec. Order No. 12958, 1995 WL 17211576 (Pres.)
**(Cite as: 60 FR 19825)**

following three levels:

    (1) "Top Secret" shall be applied to information, the unauthorized disclosure of
which reasonably could be expected to cause exceptionally grave damage to the
national security that the original classification authority is able to identify or
describe.

    (2) "Secret" shall be applied to information, the unauthorized disclosure of
which reasonably could be expected to cause serious damage to the national security
that the original classification authority is able to identify or describe.

    (3) "Confidential" shall be applied to information, the unauthorized disclosure
of which reasonably could be expected to cause damage to the national security that
the original classification authority is able to identify or describe.

    (b) Except as otherwise provided by statute, no other terms shall be used to
identify United States classified information.

    (c) If there is significant doubt about the appropriate level of classification,
it shall be classified at the lower level.

    *19827 Sec. 1.4. Classification Authority. (a) The authority to classify
information originally may be exercised only by:

    (1) the President;

    (2) agency heads and officials designated by the President in the Federal
Register; or

    (3) United States Government officials delegated this authority pursuant to
paragraph (c), below.

    (b) Officials authorized to classify information at a specified level are also
authorized to classify information at a lower level.

    (c) Delegation of original classification authority.

    (1) Delegations of original classification authority shall be limited to the
minimum required to administer this order. Agency heads are responsible for ensuring
that designated subordinate officials have a demonstrable and continuing need to
exercise this authority.

    (2) "Top Secret" original classification authority may be delegated only by the
President or by an agency head or official designated pursuant to paragraph (a)(2),
above.

    (3) "Secret" or "Confidential" original classification authority may be
delegated only by the President; an agency head or official designated pursuant to
paragraph (a)(2), above; or the senior agency official, provided that official has
been delegated "Top Secret" original classification authority by the agency head.

    (4) Each delegation of original classification authority shall be in writing and
the authority shall not be redelegated except as provided in this order. Each
delegation shall identify the official by name or position title.

    (d) Original classification authorities must receive training in original

PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING

60 FR 19825                                                            Page 4
60 FR 19825, Exec. Order No. 12958, 1995 WL 17211576 (Pres.)
**(Cite as: 60 FR 19825)**

classification as provided in this order and its implementing directives.

(e) Exceptional cases. When an employee, contractor, licensee, certificate holder, or grantee of an agency that does not have original classification authority originates information believed by that person to require classification, the information shall be protected in a manner consistent with this order and its implementing directives. The information shall be transmitted promptly as provided under this order or its implementing directives to the agency that has appropriate subject matter interest and classification authority with respect to this information. That agency shall decide within 30 days whether to classify this information. If it is not clear which agency has classification responsibility for this information, it shall be sent to the Director of the Information Security Oversight Office. The Director shall determine the agency having primary subject matter interest and forward the information, with appropriate recommendations, to that agency for a classification determination.

Sec. 1.5. Classification Categories.

Information may not be considered for classification unless it concerns:

(a) military plans, weapons systems, or operations;

(b) foreign government information;

(c) intelligence activities (including special activities), intelligence sources or methods, or cryptology;

(d) foreign relations or foreign activities of the United States, including confidential sources;

(e) scientific, technological, or economic matters relating to the national security;

(f) United States Government programs for safeguarding nuclear materials or facilities; or

(g) vulnerabilities or capabilities of systems, installations, projects or plans relating to the national security.

Sec. 1.6. Duration of Classification. (a) At the time of original classification, the original classification authority shall attempt to establish a specific date *19828 or event for declassification based upon the duration of the national security sensitivity of the information. The date or event shall not exceed the time frame in paragraph (b), below.

(b) If the original classification authority cannot determine an earlier specific date or event for declassification, information shall be marked for declassification 10 years from the date of the original decision, except as provided in paragraph (d), below.

(c) An original classification authority may extend the duration of classification or reclassify specific information for successive periods not to exceed 10 years at a time if such action is consistent with the standards and procedures established under this order. This provision does not apply to information contained in records that are more than 25 years old and have been determined to have permanent historical value under title 44, United States Code.

PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING

# EXHIBIT 2

Steve Wax/ORF/09/FDO
10/06/2006 03:07 PM

To  andrew.warden@usdoj.gov

cc

bcc

Subject  Hamad 940

PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING

Andrew-  Steve Sady advised me of the clearance of the documents in Ginco and the impending
clearance of the documents in Hamad and Gul but ongoing issue with the dvd's.   With respect to the
Hamad dvd's, all of the people are witnesses generated by my team.  I do not see how anything they say
could possibly be classified.   All they say is he is a good guy, it was a good non-political hospital, i did not
like the Taliban, etc.  Exhibit 1 is all in English with the exception of a couple of words that are clearly
translated.  If you are giving word that pleadings and exhibits can be parsed as far as clearance is
concerned, how about parsing the dvd's if a little more time is needed to review the full length interviews?
Though in Hamad's case most are in mostly in English.   How else can I help?
Thanks
Steve Wax

PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING

# EXHIBIT 3

Steve Wax/ORF/09/FDO                    To   andrew.warden@usdoj.gov
10/11/2006 07:47 AM                     cc   Ruben Iniguez/ORF/09/FDO, Amy Baggio/ORF/09/FDO,
                                             Patrick Ehlers/ORF/09/FDO, William Teesdale/ORF/09/FDO,

PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING

                                       bcc

                                  Subject   Hamad and Gul

Andrew-
RE Hamad CV 1009 and Gul CV888

Gul I understood from Steve Sady that we would get clearance on the Hamad and Gul pleadings and other
paper documents this week.  Is that going to happen?  I had emailed you last week about the videos-
where are you with those?  As I have said, they are all the product of our field investigation and as we
understand it cannot contain any classified material.


About the visit at the end or November of beginning of december- Your email yesterday said that some
people had inquired- has anyone actually asked you to book the last week of November yet?

Thanks for your prompt reply.

Steve Wax

PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING

# EXHIBIT  4



"Andrew.Warden@usdoj.gov"
<Andrew.Warden@usdoj.gov
>

10/11/2006 08:58 AM

To    "Steve_Wax@fd.org" <Steve_Wax@fd.org> (Receipt
       Notification Requested) (IPM Return Requested),

cc    "Ruben_Iniguez@fd.org" <Ruben_Iniguez@fd.org> (Receipt
       Notification Requested) (IPM Return Requested),
       "Amy_Baggio@fd.org" <Amy_Baggio@fd.org> (Receipt

bcc

Subject    RE: Hamad and Gul

PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING

Steve,

We anticipate having the papers cleared this week.  We're still working on the
DVDs.  Regarding the visit, several other groups of counsel have submitted
formal requests for the last week in November.  There is the possibility that
GTMO could give your group one interview room that week, but I know you
typically bring multiple attorneys on your trips in order to meet with all
your clients so the first week in December would likely be better if you want
multiple rooms.  As you know, all requests are subject to final approval by
GTMO, however.

Best,

Andrew

Andrew I. Warden
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6120
Washington, DC 20530
Tel: 202.616.5084
Fax: 202.616.8470

-----Original Message-----
From: Steve_Wax@fd.org [mailto:Steve_Wax@fd.org]
Sent: Wednesday, October 11, 2006 10:52 AM
To: Warden, Andrew (CIV)
Cc: Ruben_Iniguez@fd.org; Amy_Baggio@fd.org; Patrick_Ehlers@fd.org;
William_Teesdale@fd.org
Subject: Hamad and Gul

Andrew-
RE Hamad CV 1009 and Gul CV888

Gul I understood from Steve Sady that we would get clearance on the Hamad and
Gul pleadings and other paper documents this week.  Is that going to happen?
I had emailed you last week about the videos- where are you with those?  As I
have said, they are all the product of our field investigation and as we
understand it cannot contain any classified material.


About the visit at the end or November of beginning of december- Your email
yesterday said that some people had inquired- has anyone actually asked you to
book the last week of November yet?

Thanks for your prompt reply.

Steve Wax

PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING

# EXHIBIT 5

Patrick Ehlers/ORF/09/FDO

10/11/2006 10:17 AM

To  "Andrew.Warden@usdoj.gov" <Andrew.Warden@usdoj.gov>

cc  Steve Wax/ORF/09/FDO@FDO, William Teesdale/ORF/09/FDO@FDO

bcc

Subject  RE: Hamad and Gul

PREVIOUSLY FILED WITH CSO AND CLEARED FOR PUBLIC FILING

Andrew --

Just saw your email responding to Steve regarding the exhibits on Hamad.  I have an additional quick question on the DVD issue for Hamad.  The exhibit one summary DVD is the one that we've already been able to share with other counsel.  It is the 25 minute case summary that I spoke to you about and is in English.

Do you know if that one DVD could be cleared before the other DVDs that are included with the Hamad exhibits, perhaps with the paper exhibits?  I can see the raw footage (ie. the other DVD exhibits) taking some time but the summary DVD (exhibit one) should be a straightforward matter given the short length.

Any information on this issue would be appreciated.

Thanks again,

Pat Ehlers
AFPD -- Oregon

"Andrew.Warden@usdoj.gov" <Andrew.Warden@usdoj.gov>



"Andrew.Warden@usdoj.gov" <Andrew.Warden@usdoj.gov>

10/11/2006 08:58 AM

To  "Steve_Wax@fd.org" <Steve_Wax@fd.org> (Receipt Notification Requested) (IPM Return Requested)

cc  "William_Teesdale@fd.org" <William_Teesdale@fd.org> (Receipt Notification Requested) (IPM Return Requested), "Patrick_Ehlers@fd.org" <Patrick_Ehlers@fd.org> (Receipt Notification Requested) (IPM Return Requested), "Amy_Baggio@fd.org" <Amy_Baggio@fd.org> (Receipt Notification Requested) (IPM Return Requested), "Ruben_Iniguez@fd.org" <Ruben_Iniguez@fd.org> (Receipt Notification Requested) (IPM Return Requested)

Subject  RE: Hamad and Gul

Steve,

We anticipate having the papers cleared this week.  We're still working on the DVDs.  Regarding the visit, several other groups of counsel have submitted formal requests for the last week in November.  There is the possibility that GTMO could give your group one interview room that week, but I know you typically bring multiple attorneys on your trips in order to meet with all your clients so the first week in December would likely be better if you want multiple rooms.  As you know, all requests are subject to final approval by GTMO, however.

Best,

Andrew

PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING

Andrew I. Warden
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6120
Washington, DC 20530
Tel: 202.616.5084
Fax: 202.616.8470

-----Original Message-----
From: Steve_Wax@fd.org [mailto:Steve_Wax@fd.org]
Sent: Wednesday, October 11, 2006 10:52 AM
To: Warden, Andrew (CIV)
Cc: Ruben_Iniguez@fd.org; Amy_Baggio@fd.org; Patrick_Ehlers@fd.org;
William_Teesdale@fd.org
Subject: Hamad and Gul

Andrew-
RE Hamad CV 1009 and Gul CV888

Gul I understood from Steve Sady that we would get clearance on the
Hamad and Gul pleadings and other paper documents this week.  Is that
going to happen?  I had emailed you last week about the videos- where
are you with those?  As I have said, they are all the product of our
field investigation and as we understand it cannot contain any
classified material.


About the visit at the end or November of beginning of december- Your
email yesterday said that some people had inquired- has anyone actually
asked you to book the last week of November yet?

Thanks for your prompt reply.

Steve Wax

PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING

# EXHIBIT 6

PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING

```
"Andrew.Warden@u
sdoj.gov"
<Andrew.Warden@u                                        To
sdoj.gov>            "Patrick_Ehlers@fd.org"
                     <Patrick_Ehlers@fd.org> (Receipt
10/25/2006 11:10     Notification Requested) (IPM Return
AM                   Requested)
                                                        cc

                                                    Subject
                     RE: DVD Exhibits -- Hamad, ISN 940
```

Pat,

I received the voicemail and e-mail.  I have nothing new to report.  The
materials are at DoD for classification review.

Best,

Andrew

Andrew I. Warden
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6120
Washington, DC 20530
Tel: 202.616.5084
Fax: 202.616.8470

-----Original Message-----
From: Patrick_Ehlers@fd.org [mailto:Patrick_Ehlers@fd.org]
Sent: Tuesday, October 24, 2006 11:19 AM
To: Warden, Andrew (CIV)
Subject: DVD Exhibits -- Hamad, ISN 940
Importance: High


Andrew --

Could you please let me know what the status is on the review and clearing of
DVD Exhibit 1 in the Hamad case and the other DVD exhibits?
As you know, we've been waiting for some time on these.  Any information you
can provide would be very much appreciated.

Regards,

Pat

PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING

# EXHIBIT 7

PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING

Pat,

As I've explained to you and your colleagues several times, review of the DVDs
present unique classification issues given their format.  The DVDs that you
have submitted in connection with the Hamad case, as well as the Al Ginco and
Gul case, are currently undergoing classification review with DoD.  DoD is
moving that process forward, but will not be in a position to have the review
completed by the deadline you demand.  Also, as I have mentioned before, the
Court has the filed copies of the exhibits, so there is no issue of prejudice
in that regard, and we see no legitimate basis for a motion regarding this
matter.  Accordingly, we will oppose any motion you file with respect to this
matter.

Best regards,

Andrew

Andrew I. Warden
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6120
Washington, DC 20530
Tel: 202.616.5084
Fax: 202.616.8470


-----Original Message-----
From: Patrick_Ehlers@fd.org [mailto:Patrick_Ehlers@fd.org]
Sent: Tuesday, October 31, 2006 2:22 PM
To: Warden, Andrew (CIV)
Cc: Steve_Wax@fd.org; William_Teesdale@fd.org
Subject: RE: DVD Exhibits -- Hamad, ISN 940
Importance: High


Andrew --

While maintaining the professionalism of our dialog regarding the issues that
arise in these cases, I have to tell you that we are getting frustrated over
the fact that the exhibits in Mr. Hamad's case are still not cleared for
filing.  This is especially the case with the Exhibit 1 DVD.  That DVD
provides no different information than what has already been cleared in the
written exhibits.  Is there some portion of that DVD that is presenting a
problem?  If so, could you advise if that is the case and perhaps we can help
to resolve the issue?  Is there any other option than to litigate before Judge
Kay the issue of clearing these DVDs?

Given the current status of things and the continued delay in clearing the DVD
exhibits, I am preparing a motion for filing with Judge Kay urging expedited
processing of the exhibits.  Unless I hear otherwise, I will assume the
Respondent's object to the motion.

As you know from dealing with our office, litigation on issues of this nature
is normally a last resort.  However, the delay in clearing the DVDs in this
case, especially the 25 minute Exhibit 1, is just unacceptable.

Regards,

Pat Ehlers

PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING

# EXHIBIT 8

Patrick Ehlers/ORF/09/FDO
11/03/2006 04:57 PM

To  "Andrew.Warden@usdoj.gov"
      &lt;Andrew.Warden@usdoj.gov&gt;

cc  "Steve_Wax@fd.org" &lt;Steve_Wax@fd.org&gt;,
      "William_Teesdale@fd.org" &lt;William_Teesdale@fd.org&gt;

bcc

Subject  RE: DVD Exhibits -- Hamad, ISN 940

PREVIOUSLY FILED WITH CSO AND CLEARED FOR PUBLIC FILING

Andrew --

While I don't want to belabor the point we have been discussing, your most recent email regarding the DVD exhibits raises some questions. As you know, the Exhibit 1 DVD in the Hamad case is 25 minutes in length and the speakers on the DVD are using English. However, in your email you stated: "review of the DVDs present unique classification issues given their format." I do not understand, and would hope you could explain, what unique classification issues have arisen in reviewing the Exhibit 1 DVD. DVD is a standard video format. If another format is needed and would expedite processing of the exhibits please let me know.

Also, you mentioned, in relation to my request about Mr. Hamad's case, two other cases. I understand that those other cases include many DVDs that will require translation as part of the review process. Indeed, there are some foreign language DVD exhibits in Hamad that will require translation and that is understandable. It is understandable that lengthy DVDs that have to be translated might take some additional time for review. That is not the case with Exhibit 1 in Hamad.

The Exhibit 1 DVD in Hamad poses no apparent issues that are unique or complicated in any way. The video format used is standard and widely utilized.

Mr. Hamad's family, who are working on his behalf in Sudan, have a vital interest in the video presentation in the case, and desire to review it as soon as possible. There are also other efforts on Mr. Hamad's behalf and the video summary of the case (Exhibit 1) is critical to those efforts.

I would request that you please set out in more detail the difficulties that have arisen in having Exhibit 1 in the Hamad case reviewed and cleared. I would like to assist in any way that I can to expedite the process and do not understand why the process is taking as long as it has.

As always, thank you for your prompt attention to this request. I look forward to hearing back from you.

Regards,

Pat Ehlers

"Andrew.Warden@usdoj.gov" &lt;Andrew.Warden@usdoj.gov&gt;



"Andrew.Warden@usdoj.gov"
&lt;Andrew.Warden@usdoj.gov&gt;

11/01/2006 08:58 AM

To  "Patrick_Ehlers@fd.org" &lt;Patrick_Ehlers@fd.org&gt; (Receipt
      Notification Requested) (IPM Return Requested)

cc  "Steve_Wax@fd.org" &lt;Steve_Wax@fd.org&gt; (Receipt
      Notification Requested) (IPM Return Requested),
      "William_Teesdale@fd.org" &lt;William_Teesdale@fd.org&gt;
      (Receipt Notification Requested) (IPM Return Requested)

Subject  RE: DVD Exhibits -- Hamad, ISN 940

PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING

# EXHIBIT 9

Patrick Ehlers/ORF/09/FDO          To   Andrew.Warden@usdoj.gov          PREVIOUSLY FILED WITH CSO AND
11/06/2006 02:17 PM                                                      CLEARED FOR PUBLIC FILING
                                   cc   Steve Wax/ORF/09/FDO@FDO, William
                                        Teesdale/ORF/09/FDO@FDO
                                  bcc

                              Subject   DVD Exhibits -- Hamad, Gul, Ginco

Andrew --

As a follow up to my email from Friday, I wanted to make clear that all DVD exhibits, and not just the
Exhibit 1 in Hamad, are of concern with regard to the speed with which they are being processed.  If there
are "unique issues" as to the Gul, Hamad and Ginco exhibits I would be interested to know what they are.
I should also mention, as I left it out of my email on Friday, that the Ginco DVD exhibit is actually a
television broadcast and was aired in the U.A.E.  There can be nothing on that DVD, as is the case with all
the DVD exhibits, that could be the source of any classification issue.

Again, I look forward to hearing back from you and on working towards expediting this process.

Regards,

Pat Ehlers

PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING

# EXHIBIT 10



"Andrew.Warden@usdoj.gov"
<Andrew.Warden@usdoj.gov>

11/07/2006 07:38 AM

To    "Patrick_Ehlers@fd.org" <Patrick_Ehlers@fd.org> (Receipt
      Notification Requested) (IPM Return Requested)
cc    "William_Teesdale@fd.org" <William_Teesdale@fd.org>
      (Receipt Notification Requested) (IPM Return Requested),
      "Steve_Wax@fd.org" <Steve_Wax@fd.org> (Receipt
bcc

Subject    RE: DVD Exhibits -- Hamad, Gul, Ginco

PREVIOUSLY FILED WITH CSO AND
CLEARED FOR PUBLIC FILING

Pat,

Apologies for not responding sooner. DoJ's computer systems were knocked
out until today.  Your e-mail below is correct.  All DVDs are in the
same category in that they require review of the audio content as well
as the visual images by DoD.  DVDs, while a common format, present more
difficult classification issues because they have multiple video images
accompanied by simultaneous audio.  These are the "unique issues" I was
referring to in my e-mail.

Best regards,

Andrew

Andrew I. Warden
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6120
Washington, DC 20530
Tel: 202.616.5084
Fax: 202.616.8470

-----Original Message-----
From: Patrick_Ehlers@fd.org [mailto:Patrick_Ehlers@fd.org]
Sent: Monday, November 06, 2006 5:18 PM
To: Warden, Andrew (CIV)
Cc: Steve_Wax@fd.org; William_Teesdale@fd.org
Subject: DVD Exhibits -- Hamad, Gul, Ginco
Importance: High


Andrew --

As a follow up to my email from Friday, I wanted to make clear that all
DVD exhibits, and not just the Exhibit 1 in Hamad, are of concern with
regard to the speed with which they are being processed.  If there are
"unique issues" as to the Gul, Hamad and Ginco exhibits I would be
interested to know what they are.  I should also mention, as I left it
out of my email on Friday, that the Ginco DVD exhibit is actually a
television broadcast and was aired in the U.A.E.  There can be nothing
on that DVD, as is the case with all the DVD exhibits, that could be the
source of any classification issue.

Again, I look forward to hearing back from you and on working towards
expediting this process.

Regards,