PREVIOUSLY FILED WITH CSO
AND CLEARED FOR PUBLIC FILING

Steven T. Wax, OSB #85012
Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon  97204
Tel:   503-326-2123
Fax:   503-326-5524
steve_wax@fd.org
Attorney for Petitioner

Patrick J. Ehlers, OSB #04118
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon  97204
Tel:   503-326-2123
Fax:   503-326-5524
patrick_ehlers@fd.org
Attorney for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADEL HASSAN HAMAD,<br><br>　　　　　　　Petitioner,<br>　　v.<br><br>GEORGE W. BUSH, DONALD RUMSFELD, JAY HOOD, and BRICE GYURISKO,<br><br>　　　　　　　Respondents. | CV 05-1009 JDB<br><br>RENEWED AND EMERGENCY MOTION TO LIFT STAY<br><br>EXPEDITED CONSIDERATION REQUESTED |

Petitioner, Adel Hassan Hamad, through his attorneys, Steven T. Wax and

Page 1    RENEWED AND EMERGENCY MOTION TO LIFT STAY

**PREVIOUSLY FILED WITH CSO
AND CLEARED FOR PUBLIC FILING**

Patrick J. Ehlers, hereby renews his motion filed on September 22, 2006, to Lift Or Modify Stay For Consideration Of Motion For Summary Judgment.

Pursuant to L. Cv. R. 7(m) counsel have conferred and been advised that Respondents oppose this motion.

By order entered June 27, 2005, this Court stayed the proceedings in Mr. Hamad's case pending resolution of appeals in *In re Guantánamo Detainee Cases*, 335 F. Sup. 2d 443 (D.D.C. 2005) and *Khalid v. Bush*, 355 F. Supp. 2d (D.D.C. 2005). Those cases are currently under consideration in the United States Court of Appeals for the District of Columbia, sub. nom., *Al Odah, et al v. United States of America*, CA 05-5064 (D.C. Cir. filed March 7, 2005), and *Boumediene, et al v. Bush, et al*, CA 05-5062 (D.C. Cir. filed March 2, 2005).

On February 3, 2006, this Court entered a "notice" referencing the recent passage of the Detainee Treatment Act of 2005 and briefing in the United States Court of Appeals for the District of Columbia on the jurisdictional issues created by that statute that included the finding that "no cause for immediate intervention by this Court to resolve the threshold question of continuing jurisdiction" existed that would support lifting the stay.

On March 2, 2006, the Court entered a new notice, reiterating the pendency of the jurisdictional issue in the United States Court of Appeals for the District of Columbia and "the absence of any cause for immediate intervention by this Court to resolve the threshold question of continuing jurisdiction; and the lack of a concrete, impending, and

**PREVIOUSLY FILED WITH CSO
AND CLEARED FOR PUBLIC FILING**

irreparable harm currently facing petitioner . . .". As a result the notice concluded that the Court would "continue to hold in abeyance all pending motions herein filed."

On August 28, 2006, the Court entered a similar notice that once again recited the pendency of the jurisdictional issue in the United States Court of Appeals for the District of Columbia and "the absence of any cause for immediate intervention by this Court to resolve the threshold question of continuing jurisdiction; and the lack of a concrete, impending, and irreparable harm currently facing petitioner."

The facts and arguments set forth in Mr. Hamad's Motion To Lift Or Modify Stay For Consideration Of Motion For Summary Judgment; Motion For Summary Judgment And Expedited Hearing, Statement Of Material Facts, and Memorandum Of Points And Authorities; Reply To Respondents' Consolidated Memorandum In Opposition To Petitioner's Motions To Lift Or Modify Stay; and his Reply To Notice Of Military Commissions Act Of 2006, present this Court with compelling, "concrete" evidence of not only "impending" but ongoing and "irreparable" harm that Mr. Hamad is suffering every day that he remains in custody.

Of all of the hundreds of habeas corpus petitions filed by or on behalf of men imprisoned in Guantánamo Bay, this Court has been presented by Mr. Hamad with one of the very few sets of sworn statements that conclusively demonstrate that the Department of Defense never had jurisdiction over Mr. Hamad, made a grievous mistake when it seized him, and has continued to make the grievous mistake of imprisoning him for the past four-and-one-half years.

**PREVIOUSLY FILED WITH CSO
AND CLEARED FOR PUBLIC FILING**

Mr. Hamad has, in addition, presented this Court with arguments related to its jurisdiction over his case, notwithstanding passage of the Detainee Treatment Act of 2005 and the Military Commissions Act of 2006, that are not present in the appeals currently pending in the United States Court of Appeals for the District of Columbia.

This Court should order an immediate hearing of Mr. Hamad's claims.

Respectfully submitted this 23RD day of January, 2007.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

/s/ Patrick J. Ehlers
Patrick J. Ehlers
Assistant Federal Public Defender