IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ADEL HASSAN HAMAD, *et al.*, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 05-CV-1009 (JDB) |
| GEORGE W. BUSH, *et al.*, | ) ) ) | |
| Respondents. | ) ) | |

**RESPONDENTS' OPPOSITION TO PETITIONER'S
RENEWED AND EMERGENCY MOTION TO LIFT STAY**

Respondents hereby oppose petitioner's renewed and emergency motion to lift the stay of proceeding in this case. As a threshold matter, petitioner's motion should be denied because the Military Commissions Act of 2006 and the Detainee Treatment of Act of 2005 deprive this Court of jurisdiction over petitioner's case and vest exclusive jurisdiction in the Court of Appeals. Moreover, the Court has stayed this case pending resolution of the appeals in In re Guantanamo Detainee Cases, 335 F. Supp. 2d 443 (D.D.C. 2005), and Khalid v. Bush, 355 F. Supp. 2d 311 (D.D.C. 2005) – which remain pending – and has reaffirmed the propriety of the stay on three additional occasions. See Order (June 27, 2005) (dkt. no. 4); Notice (Feb. 3, 2006); Notice (March 2, 2006); Notice (Aug. 28, 2006). As respondents have explained previously, given the pendency of the related appeals in other Guantanamo Bay habeas cases that will resolve the significant jurisdictional issues in these cases and determine whether these cases should proceed, and if so, how, a stay of proceedings continues to remain appropriate. See Respondents' Consolidated Memorandum In Opposition To Petitioners' Motions To Lift Stay (dkt. no. 58). Petitioner's motion does not set forth any compelling basis for lifting the stay and continuation

of the stay is even more appropriate now that the Military Commissions Act of 2006 has taken effect. Accordingly, the Court should deny petitioner's motion.

## ARGUMENT

I. **THE COURT SHOULD DENY PETITIONER'S MOTION BECAUSE THE MILITARY COMMISSIONS ACT OF 2006 AND THE DETAINEE TREATMENT ACT OF 2005 WITHDREW THIS COURT'S JURISDICTION IN FAVOR OF EXCLUSIVE JURISDICTION IN THE COURT OF APPEALS.**

Petitioner's motion should be denied because the Military Commissions Act of 2006, Pub. L. No. 109-366, 120 Stat. 2600 ("MCA"), which became law on October 17, 2006, and the Detainee Treatment Act of 2005, Pub. L. No. 109-148, tit. X, 119 Stat. 2680 ("the DTA"), remove this Court's jurisdiction over this action and vest it exclusively in the D.C. Circuit. The MCA amends 28 U.S.C. § 2241 to provide that "no court, justice, or judge shall have jurisdiction" to consider either (1) habeas petitions filed by aliens detained by the United States as enemy combatants, or (2) any other action "relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement" of such aliens, except for the exclusive review mechanism in the D.C. Circuit created under the DTA for addressing the validity of the detention of such aliens. See MCA § 7(a). Further, this new amendment to section 2241 took effect on the date of its enactment, and it applies specifically "to all cases, without exception, pending on or after the date of the enactment of this Act which relate to any aspect of the detention, transfer, treatment, trial, or conditions of detention of an alien detained by the United States since September 11, 2001." Id. § 7(b); see Hamdan v. Rumsfeld, 2006 WL 3625015 at *3 (D.D.C. 2006), appeal pending, (dismissing detainee habeas case on basis of holding that MCA's language was sufficiently clear and retroactively removed federal court habeas jurisdiction with regard to detained enemy combatants, except for the exclusive review mechanism in the D.C.

Circuit).

The review mechanism created by the DTA, in turn, invests the D.C. Circuit with exclusive jurisdiction to address the validity of the detention of aliens as enemy combatants by the United States, including at Guantanamo Bay, and of final decisions of any military commissions.[1]  See DTA § 1005(e)(2)–(3), as amended by MCA.  Section 1005(e)(2) of the DTA states that the D.C. Circuit "shall have exclusive jurisdiction to determine the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant," and it further specifies the scope and intensiveness of that review.[2]

In light of the MCA's enactment in October 2006 and the statute's unambiguous divestiture of this Court's jurisdiction, the circumstances that existed at the time this Court

---

[1] The Supreme Court in Hamdan held that the provision of the DTA withdrawing district court jurisdiction to consider habeas petitions and other claims by aliens held as enemy combatants at Guantanamo Bay, see DTA § 1005(e)(1), did not apply to habeas petitions pending prior to the enactment of the DTA.  See Hamdan v. Rumsfeld, 548 U.S. --, 126 S. Ct. 2749, 2762-69 (U.S. June 29, 2006).  As explained above, however, Congress has now addressed the matter through passage of the MCA, which unambiguously withdraws district court jurisdiction in all pending cases such as this, in favor of the exclusive review mechanism available in the Court of Appeals.  See MCA § 7; Hamdan v. Rumsfeld, 2006 WL 3625015 at *3 (D.D.C. 2006).

[2] Even prior to the enactment of the MCA, the DTA's investment of exclusive jurisdiction in the Court of Appeals over cases challenging the validity of the detention of enemy combatants, standing alone, deprived district courts of jurisdiction over such cases.  See, e.g., Thunder Basin Coal Co. v. Reich, 510 U.S. 200, 207-09 (1994) ("exclusive" jurisdiction under federal Mine Act precludes assertion of district court jurisdiction); Laing v. Ashcroft, 370 F.3d 994, 999-1000 (9th Cir. 2004) ("§ 2241 is ordinarily reserved for instances in which no other judicial remedy is available"); Telecomms. Research & Action Ctr. v. FCC, 750 F.2d 70, 75, 78-79 (D.C. Cir. 1984) (request for relief in district court that might affect Court of Appeals' future, exclusive jurisdiction is subject to the exclusive review of the Court of Appeals); cf. id. at 77 ("By lodging review of agency action in the Court of Appeals, Congress manifested an intent that the appellate court exercise sole jurisdiction over the class of claims covered by the statutory grant of review power.").  In any event, with the enactment of the MCA, district court jurisdiction unambiguously has been withdrawn.

granted petitioner's motion for a factual return in Al-Ghizzawi v. Bush, No. 05-CV-2378 (JDB) (dkt. no. 23; Aug. 9, 2006), no longer exist.[3]  In Al-Ghizzawi, the Court granted the petitioner's motion after concluding that although the issue of the Court's jurisdiction remained unresolved, petitioner's counsel would eventually have access to factual returns either in this Court or in the Court of Appeals, and factual findings might be necessary to determine whether petitioner's challenge fell within the scope of the Court of Appeals' exclusive jurisdiction under the DTA. Id. at 3–4.  Even if the jurisdictional question was open to some question in the pre-MCA environment, after the passage of the MCA, this Court's lack of jurisdiction is subject to no doubt at all; the MCA has explicitly and unambiguously withdrawn the district court's jurisdiction over pending habeas cases and vested exclusive jurisdiction in the Court of Appeals. See supra pp. 2–3; MCA § 7(a)–(b).  Nor is there any doubt in this case that the petitioner's action falls within the scope of the MCA's provisions divesting the district court of jurisdiction. These provisions, by their plain terms, apply to any habeas corpus action filed by a petitioner "who has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination," as well as "any other action . . . relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement" of such an alien. MCA § 7(a).  Petitioner Hamad has been "determined by the United States to have been properly

---

[3] The recent order granting a motion for factual returns in Razakah v. Bush, 05-CV-2370 (EGS) (D.D.C. Jan. 23, 2007) relied for support directly on the order in Al-Ghizzawi and a similar order in a second case, Kahn v. Bush, 05-CV-1001 (D.D.C. Aug. 10, 2006), that in turn also relied on Al-Ghizzawi. The order did not state any additional reasons why the rationale of Al-Ghizzawi would remain applicable even after the passage of the MCA.  While different judge on this Court have taken different approaches to such issues as the appropriateness of orders requiring the production of factual returns, no judge has entered the sort of merits-related relief that is effectively what petitioner is requesting in the present motion.

detained as an enemy combatant" through a Combatant Status Review Tribunal.  See Decl. of Karen L. Hecker ¶¶ 2–3 (attached as Exhibit A).

Consequently, rather than seeking redress from this Court, which is without jurisdiction to grant any of petitioner's requested relief, petitioner instead should lodge his challenges to his detention, if anywhere, with the Court of Appeals in accordance with the DTA.  It is clear that petitioner's motion to lift the stay and motion for summary judgment ultimately seek to have the Court consider petitioner's challenges to the validity of his detention as an enemy combatant.  In his motion to lift the stay, petitioner explicitly asks the Court to hold an immediate hearing on petitioner's claims – precisely the type of "substantive action" that this Court has "steadfastly refused from taking" while the Guantanamo appeals remain pending.  See Al-Ghizzawi at 3.  Petitioner's motion for summary judgment, in turn, alleges that petitioner is not an enemy combatant and thus challenges the determination of the Combatant Status Review Tribunal.  See Motion for Summary Judgment (dkt. no. 59).  Petitioner's underlying claims disputing his status as an enemy combatant thus would appear to fall squarely within the substantive scope of section 1005(e)(2) of the DTA as challenges to "the validity of any final decision of a Combatant Status Review Tribunal that an alien is properly detained as an enemy combatant . . ." and as such should be addressed, if to any court, to the D.C. Circuit.

Granting the relief petitioner requests thus would be an assertion of jurisdiction and authority by the Court in this case that is inconsistent with the DTA's investment of exclusive jurisdiction in the Court of Appeals and the MCA's withdrawal of other forms of jurisdiction, and respondents' jurisdictional argument is in no way immaterial or premature.  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998) ("Without jurisdiction [a] court cannot

proceed at all in any cause."); see also Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). Indeed, petitioner is not entitled to ignore the governing statutes and obtain relief from the Court, i.e., an order requiring a hearing and a ruling on the motion to lift the stay or motion for summary judgment, as if the statutes do not exist.[4] Accordingly, petitioner's motion should be denied.

## II.    THE COURT SHOULD DENY PETITIONER'S MOTION BECAUSE THERE HAS BEEN NO CHANGE IN CIRCUMSTANCES THAT WARRANTS LIFTING THE STAY.

Petitioner's motion also should be denied because petitioner has failed to provide a sufficient factual or legal basis that would warrant lifting the Court's stay of proceedings in this case. Although petitioner contends that he is unique among Guantanamo habeas petitioners because he has submitted factual information challenging his enemy combatant designation, petitioner is one of several hundred detainees raising such claims in district court. Lifting the stay in this case would potentially have far-reaching consequences because such relief doubtless would trigger a cascade effect in other Guantanamo detainee cases. Indeed, a decision to lift the stay before the resolution of the jurisdictional issues by the Court of Appeals could precipitate a chain reaction — the scores of petitioners in other pending Guantanamo enemy combatant detainee cases, seeking parity of treatment, would request the Court to lift or modify stays that

---

[4] Whatever arguments may be marshaled in favor of the existence of some form of jurisdiction ancillary to that in the Court of Appeals provided by the DTA and MCA, it is clear that such jurisdiction would not reside in the District Court, as opposed to some other court. See Telecomms. Research & Action Ctr., 750 F.2d at 75, 78–79; see also Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." (citation omitted)).

have already been entered. This scenario is exactly what Judge Green aimed to avoid when she denied the motion of petitioners in the coordinated Guantanamo cases to reconsider her order granting a stay pending appeal "in light of the substantial resources that would be expended and the significant burdens that would be incurred should this litigation go forward." See Order Denying Motion for Reconsideration of Order Granting Stay Pending Appeal in In re Guantanamo Detainee Cases (Feb. 7, 2005) (Green, J.).

Equally without merit is petitioner's contention that the stay should be lifted because petitioner has asserted jurisdictional arguments addressing the DTA and MCA that are not raised by the parties in the pending Guantanamo appeals. The Court of Appeals' impending ruling may moot, and will at least significantly impact, future proceedings in this case, including with respect to petitioner's legal arguments. Indeed, there is a serious likelihood that any substantive proceedings undertaken at this juncture would have to be relitigated or revisited once the Court of Appeals provides its guidance on these issues. Thus, to avoid any needless expenditure of any further judicial, litigation, and government resources, and to approach the serious issues in this case in an appropriate and orderly fashion, the Court should deny petitioners' renewed motion to lift the stay.

## CONCLUSION

For the foregoing reasons petitioner's renewed and emergency motion to lift the stay should be denied.

Dated: February 15, 2007                    Respectfully submitted,

                                            PETER D. KEISLER
                                            Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel


   /*s*/ Andrew I. Warden
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
JUDRY L. SUBAR
TERRY M. HENRY
EDWARD H. WHITE
JAMES J. SCHWARTZ
ROBERT J. KATERBERG
ANDREW I. WARDEN (IN Bar No. 23840-59)
NICHOLAS J. PATTERSON
JAMES C. LUH
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC  20530
Tel: (202) 616-5084
Fax: (202) 616-8460
E-mail: Andrew.Warden@usdoj.gov

Attorneys for Respondents