PREVIOUSLY SUBMITTED TO
CSO AND CLEARED FOR FILING

**Steven T. Wax, OSB #85012**
**Federal Public Defender**
**101 SW Main Street, Suite 1700**
**Portland, Oregon  97204**
**Tel:    503-326-2123**
**Fax:   503-326-5524**
**steve_wax@fd.org**
**Attorney for Petitioner**

**Patrick J. Ehlers, OSB #04118**
**Assistant Federal Public Defender**
**101 SW Main Street, Suite 1700**
**Portland, Oregon  97204**
**Tel:    503-326-2123**
**Fax:   503-326-5524**
**patrick_ehlers@fd.org**
**Attorney for Petitioner**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ADEL HASSAN HAMAD,**<br><br>                              Petitioner,<br>v.<br><br>**GEORGE W. BUSH, DONALD RUMSFELD, JAY HOOD, and BRICE GYURISKO,**<br><br>                              Respondents. | CV 05-1009 JDB<br><br>REPLY TO RESPONDENTS' OPPOSITION TO PETITIONER'S RENEWED AND EMERGENCY MOTION TO LIFT STAY |

On February 15, 2007, Respondents' filed their opposition to Mr. Hamad's Renewed and Emergency Motion to Lift Stay.  The Opposition has two distinct sections.  First, Respondents argue that the Military Commissions Act of 2006 stripped this Court of jurisdiction.  Second, Respondents argue that there has been no change in circumstances

Page 1    REPLY TO RESPONDENTS' OPPOSITION

PREVIOUSLY SUBMITTED TO
CSO AND CLEARED FOR FILING

that would warrant lifting the stay. On February 20, 2007, the United States Court of Appeals for the District of Columbia Circuit issued its opinion in *Boumediene, et al. v. Bush, et al.*, No. 05-5064. Respondents' Opposition and the decision in *Boumediene* warrant a brief reply.

A.  **In Light Of Respondents' Failure To Address Any Of Mr. Hamad's Factual Assertions, This Court Should Accept Mr. Hamad's Factual Assertions As True.**

In his pleadings in support of his Motions to Lift Stay and for Summary Judgment, Mr. Hamad has presented this Court with sworn evidence showing that the Department of Defense never had jurisdiction over him, that nothing he has done fits any of the definitions of the term "enemy combatant," and that he is an innocent aid worker and hospital administrator. Respondents have had ample opportunity to refute these facts. They have not done so. Those facts should now be accepted as true.

B.  **Mr. Hamad Is Not Challenging The Decision Of The Combatant Status Review Tribunal.**

Respondents urge this Court to deny Mr. Hamad's motions, in part, because they believe that the Detainee Treatment Act of 2005 (DTA) provides a mechanism for Mr. Hamad to challenge the decision of the Combatant Status Review Tribunal (CSRT) in his situation. Resp. at 3-5. Respondents fail to recognize, however, that Mr. Hamad's petition for a writ of habeas corpus does not challenge the decision of the CSRT. His challenge is, rather, to the authority of the Executive to have seized him in the first instance and the legality of his continued incarceration.

PREVIOUSLY SUBMITTED TO
CSO AND CLEARED FOR FILING

**C.   The Review Available Under The DTA (As Construed By Respondents) Does Not Encompass Fact Development.**

Respondents' reliance on the review provisions of the DTA is based on their citation to Section 1005(e)(2) of the Act. Resp. at 5. Their reliance on the statute should be rejected out of hand because they have failed to cite the portion of the statute that purports to limit the scope of review in the Court of Appeals. Section (2)(C)(i) and (ii) make clear that review under the DTA (at least as interpreted by Respondents) does not include fact development or review of the facts that Mr. Hamad has presented to this Court. The DTA is not a constitutionally adequate substitute for a writ of habeas corpus.

**D.   The Decision In *Boumediene* Does Not Resolve The Issues Presented By Mr. Hamad.**

Mr. Hamad recognizes that the majority opinion in *Boumediene* holds that the MCA has stripped this Court of jurisdiction over his case.[1] Mr. Hamad has, however, presented this Court with several arguments that were not decided in *Boumediene* and that deprive that decision of controlling authority in this matter. First, Mr. Hamad argues that the scope of the MCA to withhold jurisdiction is necessarily limited to the scope of the authority the Executive had in the first instance to seize individuals. That authority is found in the Authorization for the Use of Military Force (AUMF) of September 18, 2001, and the Executive Order authorizing detentions of November 13, 2001. Both the AUMF and the Executive Order permit seizure and detention only of those individuals who violate the laws

---

[1] Mr. Hamad respectfully disagrees with the decision of the panel majority in *Boumediene* regarding the applicability of the MCA and its constitutionality. He recognizes that this Court must follow the decision of the Circuit except, as he argues in this section, insofar as his case presents issues that were not reached in *Boumediene*.

Page 3   REPLY TO RESPONDENTS' OPPOSITION

**PREVIOUSLY SUBMITTED TO
CSO AND CLEARED FOR FILING**

of war. The jurisdiction-stripping provisions of the MCA are, therefore, limited to those individuals the Department of Defense had authority to seize in the first instance. Because Mr. Hamad did not violate the laws of war, and indeed, Respondents' Factual Return makes no assertion that he did, he falls outside any jurisdiction-stripping provision in the MCA.

Second, the jurisdiction-stripping provision of the MCA is limited to those aliens who have been "properly detained." Because the Department of Defense never had authority to seize Mr. Hamad or to continue to imprison him, no competent tribunal has ever reviewed his case. He has not, therefore, been "properly detained" and the jurisdiction-stripping provision of the MCA is inapplicable.

Third, Mr. Hamad has presented this Court with several arguments regarding the unconstitutionality of the MCA that were not presented or reached in *Boumediene*. These include his arguments that the relevant inquiry is not solely whether the MCA works an unconstitutional suspension of the writ of habeas corpus, but whether it has unconstitutionally eliminated the writ, something that the Constitution prohibits, that any elimination of the writ violates due process, and that the MCA is an unconstitutional Bill of Attainder.

None of the arguments Mr. Hamad makes regarding the authority of the Executive to seize or detain him, the scope of the MCA, or the constitutional arguments noted in the preceding paragraph were before the Court or reached in *Boumediene*. Those arguments render the decision in *Boumediene* inapplicable to his case. This Court retains the

**PREVIOUSLY SUBMITTED TO
CSO AND CLEARED FOR FILING**

jurisdiction to determine its jurisdiction. As previously argued, the stay should be lifted and this Court should reach the merits of Mr. Hamad's claims.

Respectfully submitted on February 23, 2007.

/s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

/s/ Patrick J. Ehlers
Patrick J. Ehlers
Assistant Federal Public Defender