THIS DOCUMENT WAS PREVIOUSLY SUBMITTED TO THE CSO AND HAS BEEN CLEARED FOR FILING

Steven T. Wax
Federal Public Defender
steve_wax@fd.org
Patrick J. Ehlers
Assistant Federal Public Defender
patrick_ehlers@fd.org
101 SW Main Street, Suite 1700
Portland, Oregon  97204
Tel:    503-326-2123
Fax:    503-326-5524

Attorneys for Petitioner

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ADEL HASSAN HAMAD,**<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>**GEORGE W. BUSH, et al.,**<br><br>　　　　　　　　　　Respondents. | CV 05-1009 JDB<br><br>NOTICE OF FILING DTA PETITION IN THE CIRCUIT COURT OF APPEALS AND ALTERNATIVE REQUEST TO TEMPORARILY HOLD HABEAS CORPUS PETITION IN ABEYANCE PENDING LITIGATION UNDER THE DETAINEE TREATMENT ACT |

Page 1    NOTICE OF FILING DTA PETITION IN THE CIRCUIT COURT OF APPEALS AND
         ALTERNATIVE REQUEST TO TEMPORARILY HOLD HABEAS CORPUS PETITION IN
         ABEYANCE PENDING LITIGATION UNDER THE DETAINEE TREATMENT ACT

**THIS DOCUMENT WAS PREVIOUSLY SUBMITTED TO THE CSO AND HAS BEEN CLEARED FOR FILING**

The petitioner, Adel Hassan Hamad, through his attorneys, Steven T. Wax and Patrick Ehlers, notifies the Court that he has filed simultaneously herewith a Petition pursuant to the Detainee Treatment Act of 2005 (DTA) with the Court of Appeals for the District of Columbia. This matter has been stayed on the Respondents' motion since June 27, 2005. By motion filed on September 22, 2006, and in subsequent pleadings filed on October 17, 2006, November 3, 2006, January 24, 2007, and February 22, 2007, Mr. Hamad has sought to have the stay lifted and has urged this Court to address the merits of his Motion for Summary Judgment. In his pleadings, Mr. Hamad argued that his case presents issues that were not before United States Court of Appeals for the District of Columbia in the then- pending case of *Boumediene et al. v. Bush et al.,* 476 F.3d 981 (D.C. Cir. 2007). While he continues to believe that his case is distinguishable, and that this Court retains jurisdiction to hear his habeas corpus petition because he asserts that he is not within the class of people the Executive is authorized to detain and for whom the Military Commissions Act of 2006 purported to strip the federal courts of jurisdiction, he recognizes that a limited stay of this proceeding while the DTA litigation is pending is the most efficacious way to proceed at this time.

In light of the three sets of views expressed in the Supreme Court's decision not to accept certiorari in *Boumediene* (2007 WL 957363 (U.S., Apr. 2, 2007)), Mr. Hamad has filed a DTA petition in the Circuit Court. That petition urges the Circuit Court to

Page 2   NOTICE OF FILING DTA PETITION IN THE CIRCUIT COURT OF APPEALS AND
          ALTERNATIVE REQUEST TO TEMPORARILY HOLD HABEAS CORPUS PETITION IN
          ABEYANCE PENDING LITIGATION UNDER THE DETAINEE TREATMENT ACT

**THIS DOCUMENT WAS PREVIOUSLY SUBMITTED TO THE CSO AND HAS BEEN CLEARED FOR FILING**

grant relief under the DTA and, in the alternative, to determine that this Court retains jurisdiction to hear Mr. Hamad's habeas corpus petition.  He, therefore, urges this Court to maintain the status quo and hold this matter in abeyance.  The DTA litigation will provide the petitioner and this Court requisite information regarding disputed jurisdictional questions pending before this Court, and may result in a remand to this Court based on the military's lack of initial jurisdiction over the petitioner, or lead to a limited remand to this Court for resolution of controverted facts, or render moot some or all of the claims pending before this Court.

**A.    Where A Federal Habeas Petition Has Been Filed, And A Potential Remedy Remains To Be Exhausted, The Supreme Court Has Approved – And Under Circumstances Present Here Required – The Procedure Of Entering An Order Staying The Federal Habeas Proceeding And Holding The Case In Abeyance While The Potential Remedy Is Exhausted.**

In *Rhines v. Weber*, 541 U.S. 269 (2005), the Supreme Court explicitly approved the stay-and-abey procedure in the context of federal habeas corpus proceedings.  In that case, the prisoner had filed a mixed habeas petition in federal court – one containing both claims exhausted through the state court system and unexhausted claims.  Given the major procedural risks of a dismissal order, the Court found that district courts have discretion to enter stay-and-abey orders in the federal habeas case while the unexhausted claims are presented to the state court. The federal habeas

**THIS DOCUMENT WAS PREVIOUSLY SUBMITTED TO THE CSO AND HAS BEEN CLEARED FOR FILING**

corpus case is stayed and held in abeyance for a reasonable time while available state remedies are exhausted.

The *Rhines* court found three preconditions for, in effect, mandatory stay-and-abey. In the absence of intentional dilatory tactics by the petitioner, "it would likely be an abuse of discretion to deny a stay and to dismiss" a petition if the petitioner has good cause for the failure to exhaust and the unexhausted claims are potentially meritorious. *Rhines*, 544 at 278; *accord Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005). The conditions under which failure to stay-and-abey would constitute an abuse of discretion – no deliberate delay, good cause, and potentially meritorious claims – are abundantly present in this case.

First, the petitioner has done nothing to delay and everything to accelerate this case. The stay that has kept his case inactive, except for issues relating to access and attorney-client relations, resulted from the government's motion twenty-two months ago. The District Court filed the petitioner's *pro se* submission as a petition for habeas corpus relief on May 18, 2005, and, through no fault of Mr. Hamad, counsel did not appear for him until November 2, 2006. Six months after Mr. Hamad's first meeting with counsel, he filed a motion to lift the stay along with a motion for summary judgment, supported by the results of international investigation exculpating him. Throughout the pleadings, the petitioner has repeatedly invoked the need for habeas relief to be prompt.

Page 4    NOTICE OF FILING DTA PETITION IN THE CIRCUIT COURT OF APPEALS AND
         ALTERNATIVE REQUEST TO TEMPORARILY HOLD HABEAS CORPUS PETITION IN
         ABEYANCE PENDING LITIGATION UNDER THE DETAINEE TREATMENT ACT

**THIS DOCUMENT WAS PREVIOUSLY SUBMITTED TO THE CSO AND HAS BEEN CLEARED FOR FILING**

Unlike the death penalty cases that caused the Supreme Court concern in *Rhines*, every day of delay is disastrous for the petitioner.[1]

Second, there is good cause for the failure to exhaust: the potential remedy did not exist until after the habeas corpus petition was filed and did not purport to provide the habeas relief to which the petitioner was entitled at the time the habeas action was filed. In *Pace*, the Court noted that potential confusion regarding state remedies required equitable protections. 544 U.S. at 416. Those complexities are nothing compared to what Guantánamo detainees face. The questions left open in the Supreme Court's decision in *Rasul v. Bush*, 542 U.S. 466 (2004), which established a right to proceed under § 2241 at the time the petitioner submitted his documents, and the subsequent Detainee Treatment Act of 2005 and Military Commission Act of 2006, have resulted in major complexities. The petitioner, from another country, speaking another language as his native tongue, did not even have the potential DTA remedy prior to October 2006 because, as the Supreme Court held, the DTA did not apply retrospectively to habeas corpus petitions filed prior to the effective date of the statute. *Hamdan v. Rumsfeld*, 126 S.Ct. 2749, 2762-69 (2006). With the passage of the MCA, the petitioner briefed to this Court why the new statute does not apply to him due to the

---

[1] In *Rhines*, three Justices concurred, stating that stay-and-abey is required in the absence of proof of "intentionally dilatory litigation tactics." 544 U.S. at 279 (Stevens, J., concurring, joined by Justices Ginsburg and Breyer).

**Page 5    NOTICE OF FILING DTA PETITION IN THE CIRCUIT COURT OF APPEALS AND ALTERNATIVE REQUEST TO TEMPORARILY HOLD HABEAS CORPUS PETITION IN ABEYANCE PENDING LITIGATION UNDER THE DETAINEE TREATMENT ACT**

**THIS DOCUMENT WAS PREVIOUSLY SUBMITTED TO THE CSO AND HAS BEEN CLEARED FOR FILING**

lack of initial jurisdiction for the military to seize him, an issue that will be maintained in the DTA petition that will be filed shortly. The petitioner had excellent reasons for not initiating the DTA procedures until the denial of certiorari in *Boumediene*.

Third, the claims Mr. Hamad raises are meritorious. The extraordinary factual development in this case establishes that he is an innocent hospital administrator and aid worker whose seizure and detention were unlawful from the outset and, as described by the dissenter in his CSRT proceeding, are "unconscionable." The CSRT proceeding against him was infected by numerous violations of the Department of Defense's own standards and procedures as well as the laws and Constitution of the United States. Now, notwithstanding the fact that the Administrative Review Board appears to have determined that Mr. Hamad can be repatriated more than eighteen months ago, and he was advised on February 22, 2007, that he is "approved to leave" Guantánamo, he continues to languish in prison. In the event the case is remanded, or if the DTA procedures prove an inadequate substitute for constitutionally-required habeas corpus procedures, this Court should be in a position to proceed immediately on the issues raised and briefed on the Motions to Lift or Modify Stay and for Summary Judgment.

Under the controlling authority of *Rhines*, if this Court is not going to hear the Motion for Summary Judgment at this time, the Court should temporarily continue to

**THIS DOCUMENT WAS PREVIOUSLY SUBMITTED TO THE CSO AND HAS BEEN CLEARED FOR FILING**

stay the case and hold the disposition of the merits in abeyance pending the outcome of the DTA litigation.

**B.     Maintenance Of The Status Quo Is Necessary For Adequate Exhaustion Of The DTA Proceedings In The Court Of Appeals.**

Pursuant to Local Civ. R. 7(m), Respondents have advised that they oppose a motion for a stay-and-abey order and that they intend to seek an order of dismissal in this, and the other, Guantánamo detainee cases. Respondents' position raises the precise spectre highlighted in the statement accompanying the *Boumediene* order by Justices Stevens and Kennedy: "Were the Government to take additional steps to prejudice the position of petitioners in seeking review in this Court, 'courts of competent jurisdiction,' including this Court, 'should act promptly to ensure that the office and purposes of the writ of habeas corpus are not compromised.'" 2007 WL 957363 (Justices Stevens and Kennedy, statement respecting the denial of certiorari).[2]  Failure to maintain the status quo could have disastrous consequences for Mr. Hamad, potentially limiting the current level of access by counsel to the petitioner and thereby severely prejudicing both this habeas litigation and any subsequent appeals and the impending DTA action.  This Court should carefully protect the status quo by holding this case in abeyance to assure the petitioner is not prejudiced in his ability to litigate

---

[2]Quoting *Padilla v. Hanft*, 547 U.S. 1062 (Kennedy, J., concurring in the denial of certiorari).

**Page 7     NOTICE OF FILING DTA PETITION IN THE CIRCUIT COURT OF APPEALS AND ALTERNATIVE REQUEST TO TEMPORARILY HOLD HABEAS CORPUS PETITION IN ABEYANCE PENDING LITIGATION UNDER THE DETAINEE TREATMENT ACT**

**THIS DOCUMENT WAS PREVIOUSLY SUBMITTED TO THE CSO AND HAS BEEN CLEARED FOR FILING**

the DTA action and to preserve potential remedies before this Court.

The development of the necessary facts and the need for client consultation are basic to the attorney-client relationship. Under the ethical rules, the client must have the opportunity to advise the attorney of relevant facts, to provide direction in the litigation, and to participate in tactical and strategic decisions. To accomplish these ethical obligations under the circumstances of Guantánamo detention has been a challenge.[3] Any disruption of the status quo would severely injure the petitioner's ability to litigate the DTA proceedings and to maintain his separate claims for relief that are pending before this Court.

In addition to the issues regarding applicability of *Boumediene* and the DTA and MCA to Mr. Hamad that have already been briefed, the manner in which certiorari was denied in *Boumediene* raises additional questions related to whether the government is taking "additional steps to prejudice the position of petitioners in seeking review of this Court" and, if so, whether "this Court 'should act promptly to ensure that the office and purposes of the writ of habeas corpus are not compromised'". If the courts conclude that the DTA and MCA are applicable to Mr. Hamad, the constitutional questions that would then need to be reached regarding elimination of the writ of habeas corpus, now

---

[3]This Court received briefing and argument regarding these difficulties during the litigation of the filter team motion that resulted in the Court's decision in *Boumediene v. Bush*, 450 F.Supp.2d 25 (D.D.C. 2006).

**Page 8**   NOTICE OF FILING DTA PETITION IN THE CIRCUIT COURT OF APPEALS AND ALTERNATIVE REQUEST TO TEMPORARILY HOLD HABEAS CORPUS PETITION IN ABEYANCE PENDING LITIGATION UNDER THE DETAINEE TREATMENT ACT

**THIS DOCUMENT WAS PREVIOUSLY SUBMITTED TO THE CSO AND HAS BEEN CLEARED FOR FILING**

require consideration of the effectiveness of the DTA procedures. This Court may conclude it has insufficient information to answer a number of questions that the DTA proceedings will answer. Further, if this Court eventually reaches the jurisdictional and constitutional questions, and rules adversely to the petitioner, the Court must provide an adequate record for appellate and Supreme Court review, which requires that the present case remain in place until after the petitioner has exhausted the DTA procedures. During that process, the government should be foreclosed from prejudicing the petitioner's ability to litigate – at the District Court or Circuit Court level – these questions of obvious and historical importance.

As argued previously, this Court has jurisdiction to determine its own jurisdiction. *Kircher v. Putnam Funds Trust*, 126 S.Ct. 2145, 2155 (2006) (a federal court's adjudicatory authority includes "its authority to determine its own jurisdiction"); *see also Ex parte Milligan*, 71 U.S. 2, 118, 131 (1866) (Court reviewed the underlying facts to determine that the predicates for military jurisdiction were lacking and granted writ of habeas corpus). It should exercise that jurisdiction at this time to reach the merits of Mr. Hamad's claims, or maintain the status quo through the stay and abey procedure.

**Conclusion**

For the foregoing reasons and those previously presented, this Court should either reach the merits of Mr. Hamad's claims or preserve the status quo by continuing

**THIS DOCUMENT WAS PREVIOUSLY SUBMITTED TO THE CSO AND HAS BEEN CLEARED FOR FILING**

its stay of litigation going to the merits of the pending petition for a writ of habeas corpus and holding such litigation in abeyance pending the outcome of the petitioner's impending DTA litigation.

    RESPECTFULLY SUBMITTED April 19, 2007.

    /s/ Steven T. Wax
Steven T. Wax
Federal Public Defender

    /s/ Patrick J. Ehlers
Patrick J. Ehlers
Assistant Federal Public Defender